Jerome CEPHAS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 619, 2005.

Supreme Court of Delaware.

Submitted: Sept. 13, 2006.
Decided: Oct. 16, 2006.
Revised: Dec. 15, 2006.

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

BERGER, Justice.

In this appeal, we consider whether there was sufficient evidence to support a conviction of second degree assault where the defendant was charged with assaulting a pregnant female. The victim believed that she was pregnant, although she had a condition called a "molar pregnancy," and medical tests established that there was no fetal tissue in the mole. The State's purported expert, who was unable to provide a medical definition of pregnancy, nonetheless testified that a molar pregnancy is

considered a pregnancy. We conclude that the trial court erred in allowing the jury to decide whether the victim was pregnant. First, we seriously question how a doctor who could not define the term "pregnant," could be allowed to provide any expert testimony on the question of whether the victim was pregnant. Second, under the common meaning of the term "pregnant," the victim was not pregnant because she was not carrying an unborn child. Accordingly, we reverse.

### Factual and Procedural Background

On December 28, 2004, Jerome Cephas got into an argument with Macebba Rogers, a former girlfriend. The argument escalated into a fist fight. According to Cephas, Rogers hit him in the mouth and he responded by hitting her in the head. Rogers claimed that Cephas also hit her in the stomach. Two days before this incident, Rogers had been feeling sick and went to the Emergency Room at Wilmington Hospital. At that time, Rogers was told that she was pregnant.

After the assault, Rogers again went to the hospital. The medical staff determined that Rogers had a "molar pregnancy," and Rogers was transferred to Christiana Hospital for treatment. A fourth year resident in obstetrics and gynecology, testified about Rogers' condition and her treatment. The doctor testified that a molar pregnancy is a condition, also known as a hydatidiform mole, where the patient has an abnormal placenta that grows out of control. The doctor explained that Rogers had a "complete" mole, meaning that there was no fetal tissue. The doctor acknowledged that such a mole can develop into cancer, and that the standard treatment for a complete mole is to remove it. In fact, Rogers' mole was surgically removed on the day she entered the hospital.

The doctor opined that a molar pregnancy, even when it is a complete mole, is considered a pregnancy in the medical profession. On cross-examination, however, the doctor was unable to provide a medical definition of pregnancy:

Q. What is a pregnancy?

A. Are you asking me to describe it or the official definition?

Q. Official definition will do.

A. I already explained I don't know the specific medical definition.

Q. Beg your pardon?

A. I do not know the specific medical definition of pregnancy.

Q. You are a fourth year obstetrical and gynecological resident, you do not know the definition of pregnancy?

A. As you have pointed out, these terms are complicated.

The State rested after the doctor concluded her testimony, and Cephas promptly moved for judgment of acquittal on the ground that the State failed to prove that Rogers was pregnant at the time of the assault. The trial court denied the application, saying that the question of whether Rogers was pregnant was for the jury. Consistent with that ruling, the trial court provided no definition of "pregnant" in its jury instructions. The jury found Cephas guilty, and this appeal followed.

### Discussion

Cephas was convicted of assault second degree for "recklessly or intentionally caus[ing] physical injury to a pregnant female." [1] The only issue on appeal is whether Rogers was pregnant, within the meaning of 11 *Del. C.* § 612(a)(9), at the time of the assault. Because the criminal code does not define the word "pregnant," it must be given "its commonly accepted

---

1. 11 *Del. C.* § 612(a)(9).

meaning."[2] "Under well-settled case law, Delaware courts look to dictionaries for assistance in determining the plain meaning of terms which are not defined...."[3] The applicable dictionary definition of "pregnant" is "containing unborn young within the body."[4]

The State agrees that the word "pregnant" should be given its commonly accepted meaning, although it avoids any reference to a dictionary definition of the term. Instead, the State relies on the doctor's testimony that a molar pregnancy is considered a pregnancy in the medical profession. Since Cephas did not present any expert evidence to the contrary, the State contends that it established the "pregnant female" element of the crime of assault second degree.

■ We disagree. First, on this record, the doctor was not qualified to give an expert opinion about what constitutes pregnancy. She could not, or would not, provide a definition of the term, and she offered no support for her statement that a molar pregnancy is considered a pregnancy. She acknowledged that Rogers' mole contained no fetal tissue and that it had to be removed. Yet, when asked whether a molar pregnancy is considered a spectrum of disease, she answered, "I'm not sure." Given this lack of expertise, if Cephas had made an appropriate motion, the trial court should have excluded her opinion testimony on whether a person with a complete mole is "pregnant."

■ Second, the common meaning of the word pregnant does not include a condition in which a potentially cancerous mole, containing no fetal tissue, is growing inside a woman's uterus. The medical profession may classify this condition as a complication of pregnancy, and a fourth year resident may consider a woman with a complete molar pregnancy to be "pregnant." But the fact remains that Rogers was not carrying an unborn child. She was not even carrying fetal tissue that, under other circumstances, might have developed into a child. She was "carrying" a mole made up of placenta cells growing out of control.

## Conclusion

Based on the foregoing, we conclude that the trial court erred in denying Cephas's motion for judgment of acquittal. Accordingly, we reverse and remand for entry of judgment acquitting Cephas of assault second degree, convicting him of assault third degree, and new sentencing.

2. 11 *Del. C.* § 221(cc); *State v. Demby*, 672 A.2d 59, 61 (Del.1996).

3. *Lorillard Tobacco Company v. American Legacy Foundation*, 903 A.2d 728, 738 (Del. 2006).

4. Merriam Webster's Collegiate Dictionary, Tenth Edition, 919 (1993).