James STEWART, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 677, 2006.

Supreme Court of Delaware.

Submitted: April 11, 2007.
Decided: May 25, 2007.

Anthony A. Figliola, Jr., Esquire, Figliola & Facciolo, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice.

This is an appeal from a final judgment of the Superior Court. In September 2003, the defendant-appellant, James Stewart, was convicted in the Court of Common Pleas for driving under the influence and causing a head-on collision with injuries on February 23, 2003. On this appeal, Stewart does not challenge the Court of Common Pleas conviction. Stewart only challenges the Superior Court's holding that he must be sentenced as a repeat offender under Title 21, sections 4177(d) and 4177B(e) of the Delaware Code.

Stewart argues that the State did not establish a prior offense for purposes of section 4177B(e). In the Court of Common Pleas, the State introduced only Stewart's driving record, which revealed the existence of a prior Florida conviction, without reference to his conduct underlying that conviction.[1] On appeal, the Superior Court held that the presentation of Stewart's driving record satisfied the State's burden of proof. On this appeal, Stewart submits that the State was required to establish the facts and circumstances of the offense that resulted in his Florida conviction.

We have concluded that Stewart's argument is without merit. Accordingly, the judgment of the Superior Court is affirmed.

---

1. Stewart was convicted of Driving Under the Influence in Florida on February 13, 2003. He does not contest the existence or validity of the Florida conviction. See Del.Code Ann. tit. 21, § 4177B(e)(5) (notice requirements for defendant challenging validity of prior conviction).

## Procedural History

Stewart was convicted of Driving Under the Influence on September 16, 2003, after a bench trial in the Court of Common Pleas. At sentencing, the State moved to have Stewart sentenced as a repeat offender based on a February 13, 2003, Florida conviction for driving under the influence. The State provided the Court of Common Pleas with a certified copy of Stewart's Delaware driver's record, which reflected the Florida conviction.

Stewart did not challenge the validity of the prior conviction in Florida. Stewart argued, however, that a conviction in Florida was not dispositive of his status in Delaware as a repeat offender. The Court of Common Pleas accepted that argument and sentenced Stewart as a first offender, holding that the State was required to provide evidence of the circumstances underlying the Florida conviction.

The State filed a timely appeal. The Superior Court reversed the judgment of the Court of Common Pleas and held that Stewart should have been sentenced as a repeat offender.[2] Stewart attempted to appeal the judgment of the Superior Court. That appeal was dismissed by this Court, however, as interlocutory. Following a remand, Stewart was sentenced by the Court of Common Pleas as a second offender. That sentence was stayed pending an appeal to the Superior Court, which upheld the judgment of the Court of Common Pleas. Stewart then filed this appeal.

## Delaware and Florida DUI Statutes

■ Delaware's driving under the influence ("DUI") statute provides enhanced penalties for repeat offenders.[3] Section 4177B(e) defines prior offenses and sets a time limit on the use of prior convictions.

A person convicted of driving under the influence is sentenced as a repeat offender under section 4177(d) if, within five years immediately preceding the present offense, that person has been convicted "pursuant to ... § 4177 of this title, or a similar statute" of any state or local jurisdiction.[4]

The Superior Court held that Stewart's conviction for driving under the influence in Florida was pursuant to a "similar statute" within the meaning of section 4177B(e)(1). At the time of Stewart's Florida conviction, the Delaware driving under the influence statute provided as follows:

(a) No person shall drive a vehicle:

(1) When the person is under the influence of alcohol;

(2) When the person is under the influence of any drug;

(3) When the person is under the influence of a combination of alcohol and any drug;

(4) When the person's alcohol concentration is .10 or more; or

(5) When the person's alcohol concentration is, within 4 hours after the time of driving .10 or more.[5]

Florida's DUI statute provides, in part:

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:

(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;

---

**2.** *State v. Stewart*, 2004 WL 1965986 (Del.Super.Ct.).

**3.** Del.Code Ann. tit. 21, § 4177(d).

**4.** Del.Code Ann. tit. 21, § 4177B(e)(1)a, (e)(2)a.

**5.** Del.Code Ann. tit. 21, § 4177 (1995).

(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or

(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.[6]

### Similar Statute Determination

In support of his argument on appeal, Stewart relies primarily on two decisions of this Court interpreting the Delaware habitual offender statute.[7] Our holdings in *Morales* and *Fletcher*, however, do not address the issue of conviction under "a similar statute" for purposes of section 4177B(e). A plain reading of section 4177B(e)(1)a reflects that a sentencing court in Delaware was only required to determine that Stewart had been convicted in Florida pursuant to a statute that was "similar" to Delaware's.

■ We hold that a prior offense under a "similar statute" may be established under Title 21, section 4177B(e) of the Delaware Code without reference to the facts and circumstances of that offense. Accordingly, the Superior Court properly held that Stewart should be sentenced as a repeat offender without reference to the details of the specific conduct resulting in the Florida conviction. A comparative analysis of the Delaware and Florida statutes satisfied that requirement in Delaware's DUI statute, without reference to the facts and circumstances underlying the Florida conviction.

In *State v. Rogers*,[8] the Superior Court conducted such a comparative analysis. In *Rogers*, the defendant was convicted of driving under the influence under Title 21, section 4177 of the Delaware Code and had been previously convicted in North Carolina of driving while impaired. Based on the language of Title 21, section 4177B(e)(1)(a) of the Delaware Code outlined above, the Superior Court compared the North Carolina statute with the Delaware statute and concluded that they were "similar" for purposes of Title 21, section 4177 of the Delaware Code. In *State v. Rogers*, the North Carolina statute required only .08 blood alcohol concentration for a presumptive violation, while the Delaware statute required .10. In *Rogers*, the Superior Court rejected the argument that the level of intoxication required by either statute made the statutes dissimilar.

### Florida DUI Statute Similar

We agree with the rationale in *Rogers v. State*. Therefore, the Superior Court correctly determined that the holding in *Rogers* controls the result in this case. Applying the *Rogers* holding in this case, the Superior Court compared the Delaware statute with the Florida statute and found the statutes to be similar.[9]

Under Delaware law at the time of Stewart's arrest, an alcohol concentration of .10 or more presumptively established guilt.[10] In Florida, an alcohol concentra-

6. Fla. Stat. Ann. § 316.193.

7. Del.Code Ann. tit. 11, § 4214; *Morales v. State*, 696 A.2d 390 (Del.1997) and *Fletcher v. State*, 409 A.2d 1254 (Del.1979).

8. *State v. Rogers*, 2001 WL 1398583 (Del.Super.Ct.), *aff'd*, 798 A.2d 1042 (Del.2002) (TABLE).

9. The prohibitions in both the Delaware and the Florida statutes are almost the same. Each statute contemplates conviction for driving under the influence if a person is im-

paired by either alcohol or drugs. A chemical analysis of blood alcohol content is not a prerequisite for conviction under either statute. Each statute establishes alternative methods for proving the offense of driving under the influence without reference to a measurement of blood alcohol concentration.

10. Effective July 12, 2004, section 4177 was amended to provide that a blood alcohol content reading of .08 presumptively establishes a violation for driving under the influence. 74 Del. Laws, ch. 333.

tion of .08 presumptively established guilt. Thus, Florida required a slightly lower quantum of proof to demonstrate a *presumptive* violation. The prohibited conduct under both statutes is otherwise identical. Moreover, at the time of Stewart's arrest, Delaware's DUI statute provided that: "[e]vidence of an alcohol concentration of more than .05 but less than .10 in a person's blood, breath or urine sample taken within 4 hours of driving ... shall not give rise to any presumption that the person was or was not under the influence of alcohol, but such fact may be considered with other competent evidence in deter-mining whether the person was under the influence of alcohol." [11] The Superior Court correctly held that the Florida and Delaware statutes are similar within the meaning of Delaware's DUI statute. Accordingly, Stewart was properly sentenced as a repeat offender.

### Conclusion

The judgment of the Superior Court is affirmed.

---

11. *Cunningham v. McDonald,* 689 A.2d 1190, 1193 (Del.1997) quoting Del.Code Ann. tit. 21, § 4177(g)(1).