Thomas W. SAMMONS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 538, 2012.

Supreme Court of Delaware.

Submitted: March 6, 2013.
Decided: March 14, 2013.

---

Suzanne Macpherson–Johnson, Esquire, Office of the Public Defender, Dover, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The defendant-appellant, Thomas W. Sammons, Jr. ("Sammons"), appeals from the final judgments of the Superior Court after a jury convicted him of Burglary in the Second Degree, Robbery in the Second Degree, and Criminal Mischief. Sammons raises two claims on appeal: first, that the

trial judge erred in declaring Sammons an habitual offender pursuant to title 11, section 4214(b) of the Delaware Code ("section 4214"), based on a prior conviction in the State of Florida for burglary; and second, that the trial judge erred in declaring Sammons an habitual offender, where the issue of rehabilitation, in light of Sammons' organic dysfunctions, was not addressed.

We have concluded that both of Sammons arguments are without merit. Therefore, the judgments of the Superior Court must be affirmed.

### Facts and Procedural History

In August, 2006, Deborah Knepp ("Knepp") awoke to find an intruder in her bedroom attempting to steal her large television. Knepp confronted the intruder, who walked her downstairs into the living room. Knepp and the intruder talked for roughly thirty minutes. The intruder said he was seeking payment for the debts of Christina Adams, who he thought was Knepp's daughter. However, Knepp does not have a daughter named Christina Adams.

When this mistake became clear, the intruder fled. During the entire conversation, Knepp had a clear view of the intruder's face, as he was not wearing a mask. Knepp later identified Sammons from a photo array as the intruder.

Sammons was charged with Burglary in the Second Degree, Robbery in the Second Degree, and Criminal Mischief.[1] After a jury trial, he was convicted of these three charges. The trial judge ordered a Pre-Sentence Investigation. After the Pre-Sentence Investigation Report was completed, the trial judge granted the State's motion to declare Sammons an habitual offender. Sammons was sentenced to life in prison. This appeal followed.

### Habitual Offender Determination

■ "The Superior Court's determination that the defendant is an habitual criminal must be supported 'by substantial evidence in the record and be free from legal error or abuse of discretion.' "[2] Whether a crime from another jurisdiction is the equivalent to a particular crime under the Delaware code is a question of law to be reviewed *de novo.*[3]

Title 11, section 4214(b) of the Delaware Code establishes the requirements for an habitual offender:

Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment.[4]

---

1. Sammons was also charged with almost a dozen other crimes, all of which were either resolved prior to trial by the entry of a *nolle prosequi* or dismissed later after a grant of a motion for acquittal. These other charges are irrelevant to this appeal.

2. *Walker v. State*, 790 A.2d 1214, 1221 (Del. 2002) (quoting *Morales v. State*, 696 A.2d 390, 394 (Del.1997)).

3. *Stewart v. State*, 930 A.2d 923, 926 (Del. 2007).

4. Del.Code Ann. tit. 11, § 4214(b).

Among the enumerated felonies is Burglary in the Second Degree.[5] A person is guilty of Burglary in the Second Degree:

> [W]hen the person knowingly enters or remains unlawfully:
>
> (1) In a dwelling with intent to commit a crime therein; or
>
> (2) In a building and when, in effecting entry or while in the building or in immediate flight therefrom, the person or another participant in the crime:
>
>> a. Is armed with explosives or a deadly weapon; or
>>
>> b. Causes physical injury to any person who is not a participant in the crime.[6]

Sammons concedes that in 1991, he was convicted of Burglary in the Second Degree in Delaware. Sammons claims the trial judge erred in finding his criminal history contained at least one additional prior conviction of a crime equivalent to Burglary in the Second Degree.

### Florida Burglary Statute

■ Defendants can be sentenced under section 4214 using felony convictions from courts outside of the State of Delaware if the State proves that the defendant was convicted of crimes that would support a conviction under Delaware law of one of the felonies enumerated in section 4214.[7] In 1994, Sammons was convicted in Florida of burglary of a structure/conveyance/dwelling. Sammons argues that this Florida conviction is not the equivalent of the Delaware crime of Burglary in the Second Degree.

The Florida code at the time of Sammons' conviction defines the crime of Burglary and Trespass as:

> (1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
>
> . . .
>
> (3) If the offender does not make an assault or battery or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree. . . . [8]

This statute was entered into the record during supplemental briefing on Sammons' habitual offender status. Sammons does not identify any particular substantive differences between the Florida and Delaware requirements for the felony of burglary.

### Similar Statute Determination

■ In *Stewart v. State*,[9] this Court held that a prior conviction under a "similar statute" in another jurisdiction may be established without reference to the facts and circumstances of that offense.[10] In this case, the unambiguous language of the Florida burglary statute is substantively similar, as a matter of law, to the Delaware burglary statute. Thus, a violation of that Florida burglary statute would have

---

**5.** *Id.*

**6.** Del.Code Ann. tit. 11, § 825(a).

**7.** *Fletcher v. State*, 409 A.2d 1254, 1255 (Del. 1979).

**8.** Fla. Stat. Ann. § 810.02 (West.1990).

**9.** *Stewart v. State*, 930 A.2d 923 (Del.2007).

**10.** *Id.* at 926.

constituted Burglary in the Second Degree in Delaware.

It was unnecessary for the Superior Court to ascertain the facts and circumstances underlying the Florida conviction. A comparative analysis of the Delaware and Florida statutes satisfied the similarity requirement in Delaware's habitual offender statute.[11] Accordingly, the Superior Court properly held that Sammons should be sentenced as a repeat offender, without regard to the details of the specific conduct that resulted in his Florida burglary conviction.

### Rehabilitation Opportunity

■ Sammons next claims the trial judge erred in finding there was a sufficient period of rehabilitation between his 1991, 1994, and 2012 burglary convictions, respectively. Sammons concedes this argument was not presented to the trial court, but asks this Court to consider the claim in the interest of justice. Since the issue was not presented to the trial judge, we only review the claim for plain error.[12]

■ In addition to proving the defendant has been convicted three times of enumerated felonies, the State must also show there was a sufficient period to permit rehabilitation between each conviction in order for the defendant to be eligible for habitual offender status.[13] "The legislative intent underlying the habitual offender statute is to insure that a defendant has had an opportunity to correct a pattern of criminal conduct before the imposition of an enhanced penalty." [14]

■ The record reflects there was nine months between the end of Sammons' prison term for the 1991 Delaware burglary conviction and the arraignment for his 1994 Florida burglary charge. Sammons was released from incarceration stemming from his 1994 conviction in the mid–1990s, at a date unclear from the record. It is clear, however, that when the crime at issue in this case took place in 2011, Sammons had been out of prison in Florida for a significant period of time.

Sammons now claims the trial judge should have considered his previously diagnosed "organic dysfunction" in determining whether Sammons had adequate opportunity for rehabilitation between offenses. Sammons does not ask this Court to reverse the trial judge's decision, but rather remand the case for further findings on the "organic dysfunction." Sammons cites no case law in support of his request for a remand. The record reflects that Sammons has failed to carry his burden of demonstrating plain error.

### Conclusion

The judgments of the Superior Court are affirmed.

---

11. *Id.*

12. Supr. Ct. R. 8; *Dougherty v. State*, 21 A.3d 1, 3 (Del.2011).

13. *Stanley v. State*, 30 A.3d 782, 2011 WL 2183712, at *3 (Del. Mar. 15, 2011) (table).

14. *Ross v. State*, 990 A.2d 424, 431 (Del.2010) ("[T]he General Assembly intended that for all mandatory prison terms, an offender must have a chance to reform following a prior conviction before he is sentenced as a second offender."). *Id.* (Ridgely, J., dissenting).