IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | § | |
| | § | No. 169, 2014 |
| Plaintiff-Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware, in and for |
| | § | New Castle County |
| ANDY LABOY, | § | |
| | § | |
| Defendant-Below, | § | |
| Appellee. | § | |

Submitted:  June 10, 2015
Decided:  June 15, 2015


Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.


Upon appeal from the Superior Court.  **REVERSED AND REMANDED**.

Karen V. Sullivan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellant.

David J. J. Facciolo, Esquire, Minster & Facciolo, LLC, Wilmington, Delaware, for Appellee.

**STRINE**, Chief Justice:

## I. INTRODUCTION

Andy Laboy was arrested in July 2012 and indicted on charges of driving under the influence. He pled guilty, admitting in his plea colloquy with the Superior Court and his plea agreement that he was eligible to be sentenced as a third-time offender under 21 *Del. C.* § 4177 (the "DUI statute") because he had been convicted of two previous DUIs. The Superior Court nevertheless sentenced Laboy as a first-time offender. The State now appeals, arguing that the Superior Court erred in disregarding his first two DUI offenses.

We agree. The Superior Court did not have discretion to ignore Laboy's previous DUI convictions under the DUI statute. The statutory framework established by the General Assembly sets out the minimum penalties a judge must impose on third-time offenders like Laboy. It was thus error for the Superior Court to impose a sentence that fell below these requirements. We therefore reverse and remand so that Laboy can be sentenced in accordance with the DUI statute as a third-time offender.

## II. BACKGROUND

Laboy was arrested on July 28, 2012, on suspicion of DUI. Laboy's BAC was measured by an intoxilyzer as 0.15. Laboy did not dispute before the Superior Court that this offense was his third DUI: he pled guilty to his first DUI in Maryland District Court on August 27, 1999, and was found guilty by a Delaware jury of a second DUI on January 16, 2001. Because of his previous offense, Laboy was sentenced in 2001 by the

1

Court of Common Pleas as a second-time offender.[1]  Accordingly, in this case, the State

charged Laboy as a third-time offender.

Consistent with his record, Laboy affirmed in a colloquy with the Superior Court

after agreeing to a plea deal that he understood he was pleading guilty to a third offense

and that he could be sentenced to a Class G felony as a third-time offender under the DUI

statute.[2]  He also signed a plea agreement,[3] Truth in Sentencing guilty plea form,[4] and

revocation of driver's license form,[5] which all stated that he was being sentenced for his

third DUI offense.[6]  Laboy's counsel confirmed that Laboy had entered the plea "after

---

[1] App. to Opening Br. at 60 (Court of Common Pleas Criminal Docket and Sentence).
[2] App. to Opening Br. at 29 (Suppression Hearing Tr.).
[3] App. to Opening Br. at 31 (Plea Agreement).
[4] App. to Opening Br. at 32 (Truth in Sentencing Guilty Plea Form).
[5] App. to Opening Br. at 33 (Revocation of Driver's License/Privilege to Drive).
[6] Laboy's attorney nonetheless attempted to reserve the right to argue that Laboy's conviction in Maryland did not qualify as a previous offense for purposes of the DUI statute. *See* App. to Opening Br. at 28 (Suppression Hearing Tr.) ("But the Court does need to know, as does the State, that there may be the possibility that legally or factually the Maryland conviction might not be applicable. . . .  My client understands, though, that even if we don't raise those issues that he could face the prospect of being sentenced as a third offense, and notwithstanding the fact that it was a 1999 trigger that might be the one that triggers it from another state . . . he understands that he might become a Class G felon.  He's entering this plea knowing that that's more likely than not. . . .").  We note our concern about this feature of the record.  Although neither party emphasizes it on appeal, Laboy's plea was not ambiguous. *See id*. at 29 (Superior Court: "It's your intention to plead guilty to Driving Under the Influence Third Offense as noted on the plea. Is that correct?"  Laboy: "Yes.". . . .  Superior Court: "You admit you're eligible for sentencing under 21 Delaware Code 4177(d)(3) based upon the following prior convictions: DUI, offense date 5-21-2000, conviction date January 16th, 2001; DUI in Maryland, offense date April 28th, 1999, conviction date April – August 27th, 1999. . . .  Is that your understanding of the entire written plea agreement?"  Laboy: "Yes."); App. to Opening Br. at 31 (Plea Agreement) ("Defendant will plead guilty to: Driving under the influence – 3rd offense.").  For Laboy to be allowed later on to renounce his plea by arguing, albeit without any legal or factual basis to do so, that he was not eligible to be sentenced as a third time DUI offender is troubling.  If Laboy did not wish to plead guilty, he was free not to do so.  What he was not free to do was to enter a plea of guilty to a third DUI offense under 21 *Del. C.* § 4177(d)(3), and then subject the State and Superior Court to debate about an issue that he had conceded. *Cf*., *Downer v. State*, 543 A.2d 309, 312 (Del. 1988) ("Downer, through a voluntary and intelligent plea bargain, has

2

intense discussion over many months," and that counsel had "gone through the Truth-in-Sentencing Guilty Plea Form with my client in excruciating detail."[7]

Despite Laboy's acknowledgement and the record evidence of his two previous DUI convictions, the Superior Court sentenced Laboy as a first-time offender. At his sentencing hearing, the Superior Court opined, "I have some doubt about the first Maryland conviction. Probably it satisfies the statute. I mean, I don't think they would call it 'driving under the influence' if it was anything other than the statute that prohibits people from driving under the influence of alcohol or drugs."[8] But the court informed Laboy: "I know in good faith I can treat this as a first offense because of the doubt I have over the Maryland conviction. . . . I am going to cut you a break, and I am going to sentence you as a first offender."[9] The Superior Court then hedged: "if you are arrested for DUI again, you will clearly be a third offender. And if you get this judge, he may

---

forfeited his right to attack the underlying infirmity in the charge to which he pleaded guilty."). For its part, the Superior Court should have either held Laboy to his plea or refused to accept it. Instead, scarce taxpayer resources of several kinds were wasted on further proceedings that involved an issue that the guilty plea itself had settled.

[7] App. to Opening Br. at 28-29 (Suppression Hearing Tr.).

[8] App. to Opening Br. at 73 (Sentencing Hearing Tr.).

[9] *Id.* Notwithstanding his 2001 DUI conviction in Delaware, Laboy could not be sentenced as a second-time offender because more than ten years had passed between his first and second Delaware DUIs. Under the DUI statute, a "second offense" must be committed within 10 years of the first. *See* 21 *Del. C.* § 4177(d)(2) (providing enhanced penalties for "a second offense occurring at any time within 10 years of a prior offense"); § 4177(e)(2)(a) ("For sentencing pursuant to § 4177(d)(2) of this title, the second offense must have occurred within 10 years of a prior offense."). By contrast, there are no time limits for a third DUI to qualify as a "third offense" under the DUI statute. *See* 21 *Del. C.* § 4177(d)(3); § 4177B(e)(2)(b) ("For sentencing pursuant to § 4177(d)(3) . . . of this title there shall be no time limitation and all prior or previous convictions or offenses as defined in paragraph (e)(1) of this section shall be considered for sentencing."). As a result, if Laboy's Maryland conviction did not qualify as a "previous conviction," his second DUI would not qualify either, and he would be eligible for sentencing as a first-time offender. But if the Maryland conviction qualified, Laboy would need to be sentenced as a third-time offender.

find you as a fourth offender.  He may change his mind about the Maryland conviction."[10]

The Superior Court sentenced Laboy as a first-time offender to one year of Level V incarceration, suspended for the entire time to supervision at Level III, and a $500 fine. The State moved to reargue, attaching to its motion a copy of a Superior Court decision affirming a defendant's conviction as a second-time DUI offender when the first offense occurred in Maryland.[11]  The Superior Court denied the State's motion, holding that the "State presented absolutely no evidence about the Maryland statute in effect at the time of Defendant's 1999 conviction.  Therefore there was no basis upon which the court could conclude that Delaware's current statute and the 1999 Maryland statute are 'similar.'"[12] The State has now appealed to this Court.

### III.   ANALYSIS

The State argues on appeal that the Superior Court erred as a matter of law in sentencing Laboy as a first-time offender despite his previous two DUI convictions.  We agree: the DUI statute left no discretion to the Superior Court to sentence a third-time offender as a first-time offender.[13]

---

[10] App. to Opening Br. at 73 (Sentencing Hearing Tr.).
[11] *See* App. to Opening Br. at 76-77 (State's Motion for Rearg't) (citing *Davis v. State*, 2014 WL 1312742 (Del. Super. Feb. 28, 2014)).
[12] App. to Answering Br. at 129 (Denial of Motion for Rearg't).
[13] We review questions of law, including those involving statutory construction, *de novo*.  *See, e.g.*, *State v. Fletcher*, 974 A.2d 188, 195 (Del. 2009).

4

The DUI statute provides specific, mandatory penalties for DUI offenders who have committed "prior offenses."[14]  A first-time offender can be fined between $500 and $1,500, or "imprisoned not more than 12 months or both.  Any period of imprisonment imposed under this paragraph may be suspended."[15]  By contrast, 21 *Del. C.* § 4177(d)(3) mandates that a third-time offender "be guilty of a class G felony, be fined not more than $5,000 and be imprisoned not less than 1 year nor more than 2 years."[16]  Unlike a first-time offense, the first three months of the third-time offender's sentence cannot be suspended, "but shall be served at Level V and shall not be subject to any early release, furlough or reduction of any kind."[17]  These provisions leave no discretion to the sentencing judge: any DUI offender who has committed two "prior offenses" for purposes of the act must be sentenced in accordance with § 4177(d)(3).[18]

Nor does the DUI statute give discretion to the trial court to determine whether a previous conviction counts as a "prior offense": 21 *Del. C.* § 4177(e)(1) sets out its own definition of "prior or previous conviction or offense," separate from 11 *Del. C.* § 4215A, which otherwise defines "previous convictions" for sentencing purposes.[19]  The DUI statute defines a "prior offense" to include:

---

[14] 21 *Del. C.* § 4177(d).

[15] 21 *Del. C.* § 4177(d)(1).

[16] 21 *Del. C.* § 4177(d)(3).

[17] *Id.*

[18] 21 *Del. C.* §4177(d)(11) ("If it shall appear to the satisfaction of the court at a hearing on the motion that the defendant falls within paragraph (d)(3) . . ., the court shall enter an order declaring the offense for which the defendant is being sentenced to be a felony and shall impose a sentence accordingly.").

[19] 11 *Del. C.* § 4215A (defining "previous conviction" as "an offense specified in the laws of this State or . . . an offense which is the *same as, or equivalent to*, such offense as the same existed and was defined under the laws of this State existing at the time of such conviction; or . . . an

A conviction or other adjudication of guilt . . . pursuant to § 4175(b) or § 4177 of this title, *or a similar statute of any state* or local jurisdiction, any federal or military reservation or the District of Columbia . . .; [or] Participation in a course of instruction or program of rehabilitation or education pursuant to § 4175(b) of this title, § 4177 of this title or this section, *or a similar statute of any state*, local jurisdiction, any federal or military reservation or the District of Columbia, regardless of the existence or validity of any accompanying attendant plea or adjudication of guilt.[20]

Here, the record is clear that Laboy was convicted in Maryland under a "similar statute" to Delaware's DUI statute. Although the State did not introduce a copy of the Maryland statute as evidence in the Superior Court proceedings, it did provide a certified copy of Laboy's criminal record from the Maryland District Court, which showed that Laboy pled guilty to "Dr. While Intox., Under the Influ. of Alcohol or Drugs."[21] As a result, he was required to "abstain from alcohol," "submit to alcohol and drug evaluation," and use a "DWI monitor."[22] Laboy's certified Delaware driving record, provided to the Superior Court with his presentencing report, indicated that Laboy's Delaware driver's license was revoked following the Maryland conviction, and was only returned after he completed an alcohol rehabilitation and treatment program.[23] As part of the Driver's License Compact, a pact among most states codified in Title 21 of the Delaware Code, the Division of Motor Vehicles is required to revoke driving privileges

---

offense specified in the laws of any other state, local jurisdiction, the United States, any territory of the United States, any federal or military reservation, or the District of Columbia which is the *same as, or equivalent to*, an offense specified in the laws of this State.") (emphasis added).

[20] 21 *Del. C.* §4177(e)(1).

[21] App. to Opening Br. at 51 (Dist. Ct. of Md. Traffic System Citation Information).

[22] App. to Opening Br. at 53 (Dist. Ct. of Md. Traffic System Citation Information).

[23] App. to Opening Br. at 118 (State of Delaware Driving Record).

when a Delaware driver commits a motor vehicle offense in another state that would require revocation had the act occurred in Delaware.[24]

Further, the certified records from our own Court of Common Pleas for Laboy's 2001 DUI offense stated that Laboy had been convicted of and sentenced for a second-offense DUI, which was based on the earlier Maryland conviction.[25] Under the DUI statute, Laboy was not permitted to challenge the validity of that earlier conviction in these proceedings.[26] There was thus more than sufficient evidence in the record to support the State's argument that the Maryland offense was sufficiently "similar" to a Delaware DUI for purposes of the DUI statute, and thus Laboy should have been treated as a third-time offender.[27]

Based on that record, the Superior Court erred in faulting the State for not presenting the text of the Maryland statute. The State had no reason to expect to have to prove the similarity of the Maryland statute by bringing in a copy, given Laboy's own acknowledgement that he had committed two previous DUI offenses, Laboy's certified record from Maryland that the State introduced in its motion to sentence him as a third-

---

[24] See 21 *Del. C.* § 8101 ("(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state in the case of convictions for . . . [d]riving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug.").

[25] App. to Opening Br. at 59-60 (Court of Common Pleas Criminal Docket and Sentence).

[26] *See* 21 *Del. C.* § 4177B(e)(5) ("In any proceeding under § 2742 of this title, § 4177 of this title or this section, a person may not challenge the validity of any prior or previous conviction, unless that person first successfully challenges the prior or previous conviction in the court in which the conviction arose and provides written notice of the specific nature of the challenge in the present proceeding to the prosecution at least 20 days before trial.").

[27] We understand the Superior Court's impulse toward mercy and its good faith attempt to exercise lenity. But the DUI statute does not permit the Superior Court to deviate from the defined mandatory minimum penalties.

time offender, and his conviction as a second-time offender in the Delaware Court of Common Pleas. His previous offense in Maryland was plainly similar to a Delaware DUI. Moreover, if the Superior Court had any doubts about the similarity of the relevant Maryland statute, it could have requested the parties to bring in a copy, or looked up the statute itself before or even during the sentencing hearing on its own computer in court.

Laboy nonetheless now argues that under *Alleyne v. United States*, the State was required to prove "beyond a reasonable doubt" that his previous Maryland conviction "substantially conformed" to Delaware law, and it failed to meet this burden because it did not present the text of the statute to the Superior Court. His argument misreads the DUI statute and this Court's precedent interpreting it. In *Stewart v. State*, this Court held that "[a] plain reading of section 4177B(e)(1)a reflects that a sentencing court in Delaware [i]s only required to determine that [the defendant] had been convicted in [another state] pursuant to a statute that was 'similar' to Delaware's."[28] The *Stewart* Court rejected the defendant's argument that the provisions of the habitual offender statute—which require "substantial conformance" of another state's law to Delaware's— should apply to DUIs, based on the plain language of the DUI statute.[29]

The U.S. Supreme Court's decision in *Alleyne v. United States* does not alter that result.[30] In *Apprendi v. New Jersey*, the U.S. Supreme Court held that mandatory maximum penalties are elements of the crime which the State must prove beyond a

---

[28] 930 A.2d 923, 926 (Del. 2007).
[29] *See id.*
[30] 133 S. Ct. 2151 (2013).

8

reasonable doubt.[31] *Alleyne* merely extended the Court's rationale in *Apprendi* to mandatory minimum penalties.[32] But the holding in *Apprendi* specifically exempted a "prior conviction" as an element that "must be submitted to a jury and proved beyond a reasonable doubt."[33] The Court's analysis in *Alleyne* cited the holding in *Apprendi* with approval, and did not reconsider the exception created for "prior convictions."[34] We thus have no reason to reconsider this Court's holding in *Talley v. State*, in which we rejected a similar argument by a defendant convicted as a fourth-time DUI offender: "[h]ere, because the increase in Talley's sentence was occasioned solely by his prior convictions, *Apprendi* is inapplicable."[35] Likewise, *Alleyne* is inapplicable to this case, where Laboy is subject to enhanced penalties solely because of his two previous DUI convictions. The State thus did not need to prove beyond a reasonable doubt that Laboy had previously been convicted of two DUIs; it only needed to establish that he had twice been convicted, pled guilty, or participated in a DUI course or rehabilitation under § 4177 or "a similar statute of any state."[36] Laboy's certified court records from Maryland and Delaware were sufficient to meet this burden.

---

[31] 530 U.S. 466 (2000).

[32] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[33] 133 S. Ct. 2151 (2013).

[34] *See Alleyne*, 133 S.Ct. at 2160, n.1 (noting that "[i]n *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), we recognized a narrow exception to this general rule [that facts that expose defendants to greater penalties are elements of a separate offense] for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

[35] *Talley v. State*, 2003 WL 23104202, at *2 (Del. Dec. 29, 2003).

[36] 21 *Del. C.* § 4177(e)(1).

9

We therefore reverse and remand so that the Superior Court can sentence Laboy as a third-time offender in accordance with 21 *Del. C.* §4177(d)(3).[37]

---

[37] Laboy's argument that there is a double jeopardy concern with reversing his illegal sentence also fails: under 10 *Del. C.* § 9902(f), the State has "an absolute right to appeal any sentence on the grounds that it is unauthorized by, or contrary to, any statute or court rule, in which case the decision or result of the State's appeal shall affect the rights of the accused." Here, his original sentence was contrary to the DUI statute. Re-sentencing Laboy within the mandatory parameters merely corrects that error. *Cf. Bozza v. United States*, 330 U.S. 160, 166-67 (1947) (holding that there is no double jeopardy concern when a judge corrects an erroneous sentence).