IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                       )    ID No. 1107004907
v.                   )    In and For Kent County
                       )
THOMAS W. SAMMONS,    )
                       )
       Defendant.     )

**O R D E R**

On this 21st day of November, 2016, upon consideration of the Defendant's Motion For Postconviction Relief and Motion for Reconsideration, the Commissioner's Report and Recommendation and the record in this case, it appears that:

1. The Defendant, Thomas W. Sammons ("Sammons"), was found guilty on April 25, 2012, to one count of Burglary in the Second Degree, 11 *Del. C.* § 825; one count of Robbery in the Second Degree, 11 *Del. C.* § 831; and one count of Criminal Mischief, 11 *Del. C.* § 811. Several other counts were either dismissed or the State entered a *nolle prosequis*. The State filed a motion to declare Sammons an habitual offender. Following a hearing, the Court declared Sammons an habitual offender. On August 31, 2012, Sammons was sentenced to life in prison pursuant to 11 *Del. C.* § 4214(b).

2. The Defendant, through counsel, appealed his conviction to the Delaware Supreme Court. The two issues on appeal were: "the trial judge erred in declaring Sammons an habitual offender pursuant to 11 *Del. C.* § 4214(b) based on a prior conviction in the State of Florida for burglary; and second, that the trial judge erred

in declaring Sammons an habitual offender, when the issue of rehabilitation in light of Sammons' organic dysfunctions, was not addressed."[1]  The Supreme Court, on March 14, 2013, affirmed Sammons' conviction and sentence.[2]

3. Defendant filed, *pro se*, a Motion For Postconviction Relief pursuant to Superior Court Criminal Rule 61and  requested the Court to appoint counsel. The Court granted appointment of counsel and a briefing schedule was issued. On November 3, 2014 counsel filed an Amended Motion for Postconviction Relief. Counsel requested the Court schedule an Evidentiary Hearing. In the motion counsel raised the following grounds for relief: (1) trial counsel failed to properly advise Sammons in relation to his rejection of the plea offer; (2) trial counsel failed to limit prior bad acts and for failing to request a limiting instruction; (3) trial counsel failed to move to suppress the identifications of Sammons by Ms. Knepp; (4) failed to call alibi witnesses; (5) Sammons' constitutional right to a fair trial was denied due to the misconduct of a Deputy Attorney General; and (6) Sammons' constitutional right to have a fair trial was denied due to cumulative due process error.

4. The Commissioner denied the request for an Evidentiary Hearing on the nature of the claims. Next, counsel then moved for reconsideration of the denial. The Court ordered trial counsel to supplement the response to the amended motion and allowed the defense and the State to respond.

5. The Court referred this motion and the Motion for Reconsideration to

---

[1] *Sammons v. State*, 68 A.3d 192 (Del. 2013).

[2] *Id*. at 194.

2

Superior Court Commissioner Andrea M. Freud pursuant to 10 *Del. C.* §512(b) and Superior Court Criminal Rule 62 for proposed findings of facts and conclusions of law.

6. The Commissioner has filed a Report and Recommendation concluding that the Motion For Postconviction Relief should be denied, because it is procedurally barred by Superior Court Rule 61 (i)(3) for failure to prove cause and prejudice. The Commissioner concluded that an Evidentiary Hearing is not necessary and found that trial counsel's supplemental Affidavit provides sufficient information to avoid an Evidentiary Hearing.

7. Counsel filed an Appeal from Commissioner's Report and Recommendation. The appeal does not advance Sammons' motions in any substantive way.

8. The State filed a response to Defendant's Appeal from the Commissioner's Report and Recommendation.

**NOW, THEREFORE,** after *de novo* review of the record in this action, and for reasons stated in the Commissioner's Report and Recommendation dated October 13, 2016,

**IT IS ORDERED** that the Commissioner's Report and Recommendation is adopted by the Court, and the Defendant's Motion for Postconviction is ***denied*** as procedurally barred. Defendant's Motion for Reconsideration is ***denied***.

/s/ Robert B. Young

J.

RBY/lmc
oc:     Prothonotary

3

cc:    The Honorable Andrea M. Freud
       Lindsay A. Taylor, Esq.
       Suzanne Macpherson-Johnson, Esq.
       Christopher S. Koyste, Esq.