**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | **I.D. No. 1812013402** |
| | ) | |
| **HAROLD I. DANIELS,** | ) | |
| **Defendant.** | ) | |

Submitted: September 18, 2019
Decided: November 13, 2019
Written Order Issued: December 13, 2019
Corrected: December 16, 2019

## <u>ORDER</u>

*Upon the State's Application to Sentence Defendant Harold I. Daniels under the
Third Offender provisions of 21 Del. C. § 4177(d)(3),*
**GRANTED.**

This 13th day of December, 2019, upon consideration of the State's

Application to Sentence Defendant Harold I. Daniels under the Third Offender

provisions of 21 *Del. C.* § 4177(d)(3) (D.I. 18, 24, and 26), Daniels' Objections

thereto (D.I. 20, 25, and 27), and the record in this matter, it appears to the Court

that:

(1)     Defendant Harold I. Daniels was convicted of alcohol-related reckless

driving in Delaware in 2000.[1]  He was convicted of another intoxicated driving

---

[1]     DEL. CODE ANN. tit. 21, § 4175(b) (2000).

offense in New Jersey in 2012.[2] In this case, Daniels pleaded guilty to another violation of Delaware's Driving Under the Influence ("DUI") law that occurred in December 2018.[3] Daniels contests the fact or validity of none of these convictions. So, the State timely moved[4] to have Daniels sentenced as a third-time DUI offender.[5] To this, Daniels objects, claiming that certain differences between the laws defining New Jersey's and Delaware's DUI offenses preclude consideration of his New Jersey conviction as a prior offense within the meaning of the Delaware statute, unless the State were to provide additional evidence regarding the specifics of that New Jersey conviction.[6]

(2) The sole issue presented is whether Delaware's DUI recidivist statute—which provides for an enhanced severity in charge and sentence if the one has a "prior or previous conviction or offense"[7]—treats a conviction under New Jersey's

---

[2]      *See* N.J. REV. STAT. § 39:4-50 (2010). New Jersey uses the acronym "DWI" for "Driving While Intoxicated." For ease of reference, the Court will hereafter use the acronym commonly used in Delaware: "DUI."

[3]      Plea Agreement, *State v. Daniels*, ID No. 1812013402 (Del. Super. Ct. Jun. 10, 2019) (D.I. 16).

[4]      *See* DEL. CODE ANN. tit. 21, § 4177(d)(11) (2018).

[5]      *Id.* at tit. 21, § 4177(d)(3) (2018).

[6]      Def. Ans. Mem. at 20 (D.I. 27).

[7]      *See* DEL. CODE ANN. tit. 21, § 4177(d)(2018).

corresponding DUI law as a "prior or previous conviction or offense."[8]   Daniels

argues that New Jersey's DUI statute cannot be considered a "similar" statute under

this definition because in addition to criminalizing one's own impaired operation, it

prohibits, within its very text, a person to permit another who is under the influence

to operate a vehicle that the accused owns, has custody of, or controls.[9]

(3)     At bottom, this is a question of statutory interpretation for which the

Court's role is only "to determine and give effect to the legislature's intent."[10]   When

the questioned statute read as a whole is unambiguous, that is accomplished by

applying the plain, literal meaning of its words.[11]   Statutes are unambiguous when

their words reasonably bear only one non-absurd interpretation.[12]   And "[w]here

---

[8]     Daniels also challenged Delaware's elevated recidivism sentencing under the Sixth Amendment, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But, as explained below, the Court here finds that Daniels' New Jersey DUI conviction on its face is a "prior or previous conviction" without resort or regard to any rehabilitative program participation. And *Apprendi* specifically permits enhanced sentencing based on "the [judge-found] fact of a prior conviction" alone. *Id.* at 490. Our Supreme Court has already determined that Delaware's DUI recidivist sentencing falls well within this *Apprendi* exception. *Talley v. State*, 2003 WL 23104202, *2 (Del. Dec. 29, 2003).

[9]     N.J. REV. STAT. § 39:4-50 (2010).

[10]     *Ross v. State*, 990 A.2d 424, 428 (Del. 2010) (citing *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007)).

[11]     *Hoover v. State*, 958 A.2d 816, 819 (Del. 2008); *In re Adoption of Swanson*, 623 A.2d 1095, 1096–97 (Del. 1993).

[12]     *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del. 2007).

-3-

a statute contains unambiguous language that clearly reflects the intent of the legislature, then the language of the statute controls."[13]

(4) This Court has no discretion to deny a State's application to sentence a DUI offender in accordance with an applicable DUI recidivist provision if that offender has the requisite "prior or previous convictions[s] or offense[s]."[14] With rare exception, the Court must accept those sentence-enhancing prior convictions alleged in such motions as legally valid;[15] and, it is forbidden always from hearing new collateral challenges to those convictions.[16]

(5) The Delaware DUI statute defines a "prior or previous conviction or offense" as, in relevant part, "[a] conviction or other adjudication of guilt . . . pursuant to § 4175(b)[17] or § 4177[18] of [Title 21], or a *similar* statute of any state or local jurisdiction, any federal or military reservation or the District of Columbia."[19]

---

[13]    *Hoover*, 958 A.2d at 816; *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) (internal quotation omitted) ("There is judicial discretion to construe a statute when its language is obscure and ambiguous; but when no ambiguity exists, and the intent is clear from the language of the statute, there is no room for statutory interpretation or construction.").

[14]    *State v. Laboy*, 117 A.3d 562, 565 (Del. 2015).

[15]    *State v. Xenidis*, 212 A.3d 292, 304-05 n.70 (Del. Super. Ct. 2019).

[16]    *Laboy*, 117 A.3d at 566 (citing DEL. CODE ANN. tit. 21, § 4177B(e)(5) (2014)).

[17]    DEL. CODE ANN. tit. 21, § 4175(b) (2018) (Alcohol-related reckless driving).

[18]    *Id.* at tit. 21, § 4177 (2018) (Driving a vehicle while under the influence or with a prohibited alcohol or drug content).

[19]    DEL. CODE ANN. tit. 21, § 4177B(e)(1)(a) (2018) (emphasis added).

(6)     Undefined words or phrases in the Delaware code are "construed according to the common and approved usage of the English language."[20]  And in the criminal context, all words used in the Criminal Code are given their commonly accepted meaning, unless they are specifically defined elsewhere in the Criminal Code.[21]  So, consequently, "[u]nder well-settled case law, Delaware courts look to dictionaries for assistance in determining the plain meaning of terms which are not defined" within the statutes they appear.[22]

(7)     The applicable dictionary definition of "similar" is "nearly corresponding; resembling in many respects; having a general likeness, although allowing for some degree of difference."[23]

---

[20]     *Id.* at tit. 1, § 303 (2018); *Pennewell v. State,* 977 A.2d 800, 801 (Del. 2009) (Citing § 303 when noting that because the term in the questioned criminal statute "is not defined in the Delaware Code, it must be given its common and ordinary meaning.").

[21]     *Id.* at tit. 11, § 221(c) (2018) ("If a word used in this Criminal Code is not defined herein, it has its commonly accepted meaning, and may be defined as appropriate to fulfill the purposes of the provision as declared in § 201 of this title."); *id.* at tit. 11, § 201(5) (declaring that one of the general purposes of the Criminal Code is "[t]o insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized."). *Rogers v. State,* 2012 WL 983198, at *2 (Del. Mar. 20, 2012) (stating, when a statute does not define terms, "the 'commonly accepted meaning' of those terms should be employed").

[22]     *Cephas v. State,* 911 A.2d 799, 801 (Del. 20016); *Andrews v. State,* 34 A.3d 1061, 1063 (Del. 2011) (Because the key word is not otherwise specifically in the subject criminal statute, it "must be given its common, or dictionary, definition."); *Freeman v. X-ray Associates, P.A.,* 3 A.3d 224, 227-28 (Del. 2010) ("Because dictionaries are routine reference sources that reasonable persons use to determine the ordinary meaning of words, we often rely on them for assistance in determining the plain meaning of undefined terms.").

[23]     BLACK'S LAW DICTIONARY, 1240 (6th ed. 1990).  For reasons unknown to the Court, Black's Law Dictionary no longer includes a separate and distinct entry for the word "similar" in

(8) Daniels' invocation of case law examining the definition of "violent felony" under the federal Armed Career Criminal Act ("ACCA")[24] in unavailing in this instance. That federal firearms statute prescribes an enhanced sentence for certain federal defendants who have three prior convictions "for a violent felony."[25] And, as pertinent to those cases Daniels cites, the ACCA defines a foreign (*i.e.*, a state or local) conviction as being a "violent felony" when it "*is* burglary, arson, or extortion" among other offenses.[26]

(9) When interpreting the ACCA, the United States Supreme Court approved the use of a "modified categorical approach" in a "narrow range of cases" in which a divisible statute—that is, one listing potential offense elements in the alternative—renders opaque which element supported the defendant's prior state criminal conviction.[27] This approach is necessitated under the ACCA because a federal sentencing judge must determine whether that prior state conviction "*is*" one

---

its seventh and subsequent editions. *See also* BALLENTINE'S LAW DICTIONARY, 1180 (3rd ed. 1969) ("Having a resemblance in many respects to, nearly corresponding with, is somewhat like, or has a general likeness to, some other thing. . . Something less than being an exact duplicate of something else.").

[24] 18 U.S.C. § 924(e) (2018).

[25] *Id.* at § 924(e)(1).

[26] *Id.* at § 924(e)(2)(B)ii (emphasis added).

[27] *Descamps v. United States*, 570 U.S. 254, 257 (2013); *Shepard v. United States*, 544 U.S. 13, 17 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

of the ACCA's enumerated enhancing crimes.[28]    And to make that determination the federal courts might then have to rely on what have become known as "*Shepard* documents."[29]

(10)    Delaware courts have adopted this same sentencing approach for the state analogue to the ACCA—possession of a firearm by a person prohibited ("PFBPP").[30]    That is because one faces an enhanced PFBPP sentence based on a foreign conviction only if that prior conviction was for an offense that is "the same as or equivalent to" a violent felony under Delaware law.[31]    The definition of those key words—"same," which means "identical or equal; resembling in *every* relevant respect"[32] and "equivalent" which means "nearly equal; virtually identical"[33]—

---

[28]    *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016).

[29]    *See Valentine v. State*, 2019 WL 1178765, at *2 (Del. Mar. 12, 2019); *Mathis*, 136 S.Ct. at 2249 (2016) (Describing the "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" a federal sentencing court might use "to determine what crime, with what elements, a defendant was convicted of" and if it qualifies as an enhancer in the ACCA sentencing before it.)

[30]    *See Valentine*, 2019 WL 1178765, at *2.

[31]    *Id.* at (emphasis added).

[32]    BLACK'S LAW DICTIONARY, 1607 (11th Ed. 2019); BALLENTINE'S LAW DICTIONARY, 1137 (3rd ed. 1969) ("[A]like in all respects. Identical.").

[33]    BLACK'S LAW DICTIONARY, 682 (11th Ed. 2019); BALLENTINE'S LAW DICTIONARY, 414(3rd ed. 1969) ("[O]f equal value, weight, force, etc.")

-7-

dictate a far more precise correspondence between the person's prior foreign crime and an offense specified under Delaware law.

(11) But that approach plays no role here, because the Court need only determine whether Daniels was previously convicted under a DUI statute "similar" to Delaware's.[34]

(12) Where the General Assembly governs the same subject matter in different provisions using different operative language with distinctive definitions and meaning, the Court "must presume that each word and phrase choice by the legislature . . . is meaningful."[35] Because the legislature elected to use "similar" rather than "the same or equivalent to," the Court is constrained to give that choice effect. Thus, when making this DUI recidivist sentencing determination the Court "[i]s only required to determine that [the defendant] had been convicted in [another state] pursuant to a statute that was 'similar' to Delaware's."[36] And the plain

---

[34] In two prior cases addressing this similarity question, the out-of-state convictions occurred in jurisdictions with lower *per se* intoxication thresholds than in Delaware. *Stewart v. State,* 930 A.2d 923, 926-27 (Del. Super. Ct. 2007); *State v. Rogers,* 2001 WL 1398583 (Del. Super. Ct. Oct. 9, 2001), *aff'd,* 2002 WL 1058160 (Del. May 22, 2002). This mere showing, under which a specific artfully chosen fact pattern may result in conviction in one jurisdiction but not another, is immaterial to the general likeness because the statutes prohibit substantially the same prototypical behavior. *See Stewart,* 930 A.2d at 926 n.9 ("the prohibitions in both the Delaware and the Florida statutes are *almost* the same") (emphasis added).

[35] *Evans v. State,* 212 A.3d 308, 316 (Del. Super. Ct. 2019). *See also Giuricich,* 449 A.2d at 238 ("The legislative body is presumed to have inserted every provision for some useful purpose and construction, and when different terms are used in various parts of a statute it is reasonable to assume that a distinction between the terms was intended.").

[36] *Laboy,* 117 A.3d at 567 (quoting *Stewart,* 930 A.2d at 926).

meaning of "a similar statute" means there need only be "a general likeness" with "some degree of difference" allowed.

(13) Moreover, the single "difference" in the New Jersey law that Daniels points out—a provision that explicitly forbids a person who owns or controls a vehicle from knowingly permitting an intoxicated driver to operate that vehicle[37]— is truly illusory.

(14) A defendant who aids or abets another to drive or operate a motor vehicle, knowing that the other is intoxicated, is criminally liable for the driving offense under ordinary principles of accomplice liability[38] according to the consensus of jurisdictions that have examined the question.[39] And while no Delaware court has yet to rule on the issue, it would seem Delaware's DUI and

---

[37] N.J. REV. STAT. 39:4-50(a) (2010); *State v. Stas*, 50 A.3d 632, 639 (N.J. 2012) (citing *State v. Skillman*, 543 A.2d 1016 (N.J. Super. Ct. App. Div. 1988)).

[38] 7A Am. Jur. 2d Automobiles § 339.

[39] *See e.g. State v. Satern*, 516 N.W.2d 839, 844 (Iowa 1994) ("a defendant may be found guilty, and punished as a principal, for aiding and abetting the crime of drunk driving"); *State v. Lemacks*, 996 S.W.2d 166, 170 (Tenn. 1999) (DUI may be proved upon "evidence that the [defendant] drove the automobile while intoxicated or that he permitted [a codefendant] to drive while intoxicated. The latter theory was based upon" the general vicarious liability statute); *Venable v. State*, 397 S.W.2d 231, 233 (Tex. Crim. App. 1965) (evidence that defendant "knew that [the driver] was under the influence of intoxicating liquor and permitted him to drive his car on a public street" sufficient to sustain DUI conviction); *State v. Millette*, 795 A.2d 1182, 1184 (Vt. 2002) ("a person who aids in the commission of the offense of driving a motor vehicle while under the influence of alcohol may be held criminally liable for the acts of the principal"). *See also, Taylor v. State*, 83 So.2d 879, 880 (Fla. 1955) (passenger can be convicted of vehicular manslaughter under general principles of vicarious liability where he "had custody and control of the car" and "turned it over to [the driver] to drive, knowing of his intoxicated condition").

accomplice liability statutes would operate in the same manner as New Jersey's express provision.[40] So the one clause Daniels identifies appears to create no degree of difference whatsoever.[41]

(15)  Lastly, it is worth mentioning that the approach Daniels suggests here would frustrate the application of Delaware's DUI recidivist statute that expressly requires consideration of one's prior out-of-state convictions—a regular occurrence in Delaware criminal courts.[42]  DUI offenses, particularly when they are first offenses that do not result in accident or injury are often classified by states as relatively low-level offenses.  Their adjudication in our sister states' traffic, municipal, and magistrate courts will often lack procedures and formalities present

---

[40]  *See* DEL. CODE ANN. tit. 11, § 271(2) (2018) ("A person is guilty of an offense committed by another person when . . . [i]ntending to promote or facilitate the commission of the offense the person . . . [a]ids, counsels or agrees or attempts to aid the other person in . . . committing it.").

[41]  *See Rogers*, 2001 WL 1398583, at *2 (Noting one means of determining similarity is to consider "whether the elements of [other state's] statute if proven in Delaware would justify a conviction for driving under the influence."). The Court does not read *Rogers* or *Stewart*—each of which addressed only an element with the same core as Delaware's—to mean that is the only and required means. If so, than the General Assembly obviously would have used the more exacting language it does elsewhere to cabin use of prior out-of-state convictions for sentencing enhancement. *E.g.*, DEL. CODE ANN. tit. 11, § 1448 (e)(3) (2018) (Enhanced punishment for persons prohibited from possessing a firearm if previously convicted in a prior state only applicable if that conviction is under a law that "is the same as or equivalent to any of the offenses designated as a violent felony" under Delaware's Criminal Code.); *id.* at tit. 11, § 4215A (Requiring that for use of criminal catch-all enhancement provision, the foreign conviction must be under a law "which is the same as, or equivalent to, an offense specified in the laws of this State.").

[42]  *See State v. Xenidis*, 212 A.3d 292, 296 (Del. Super. Ct. Apr. 26, 2019) (Noting that Delaware "courts in recidivist DUI cases, [are often sentencing in cases] where repeat offenders regularly cross state lines.").

-10-

in most criminal prosecutions that would generate even the limited class of *Shepard* documents (*i.e.*, criminal informations, indictments, jury instructions, plea transcripts) that a Court might need to resort to.[43] Yet, that reliance is precisely what Daniels posits should be required if the recidivist can just point to any elemental difference on the outer edges of the other state's substantive DUI statute and compel proof that elemental difference played no part in his or her prior conviction there.

(16) The mere fact that there may be some facial differences between the two states' substantive DUI statutes does not except Daniels' 2012 New Jersey conviction from the plain language of Delaware's DUI recidivist provisions requiring consideration of prior convictions under "similar statute[s] of any state." And because the Court need find only that the prior was under a *similar*—not *same* or *equivalent*—statute, there is no need to resort to *Shepard* documents when sentencing under Delaware's DUI recidivist provisions.

(17) The Court finds that the State has demonstrated that Daniels was convicted of an intoxicated driving offense in Delaware in 2000, and another in 2012 under a similar statute in New Jersey. Daniels's 2019 guilty plea is thus a third

---

[43]     *E.g., id.* at 296, 307 (observing the dearth of records available to the Delaware sentencing court for that defendant's first DUI conviction that occurred in Maryland district court). And other states' courts might have the same problem with Delaware. *See, e.g.,* DEL. CODE ANN. tit. 21, § 4177(b)(4) (2018) (Providing that the charging document in a Delaware DUI case may allege a violation of any subsection of the substantive DUI statute without specifying the particular means by which the defendant is alleged to have violated the statute).

-11-

offense. The State's motion for sentencing under 21 *Del. C.* § 4177(d)(3) is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc:    Samuel B. Kenney, Deputy Attorney General
       Benjamin S. Gifford IV, Esquire