# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1511011664 |
| | ) | |
| | ) | |
| | ) | |
| GREGORY W. REID, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: August 24, 2017
Date decided: December 6, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF AND MOTION FOR TRANSCRIPTS

Ross A. Flockerzie, Esquire, Office of Defense Services, 820 N. French St. 3rd Floor, Wilmington, Delaware, 19801. Trial Counsel.

Gregory Reid, *pro se*, Defendant.

**MANNING**, Commissioner:

This 6th day of December 2017, upon consideration of defendant Gregory W. Reid's Motion for Postconviction Relief ("Motion"), and Motion for Transcripts, I find and recommend the following:

## Procedural History

Mr. Reid pled guilty to Driving Under the Influence (6th Offense) on April 19, 2016. On June 24, 2016, the Court sentenced Mr. Reid to 8 years at Level V suspended after 2 years (the minimum/mandatory) for 2 years at Level IV (CREST), followed by decreasing levels of probation. Mr. Reid did not appeal his conviction or sentence to the Delaware Supreme Court. Mr. Reid did, however, file a motion for Sentence Reduction/Modification on September 26, 2016. That motion was denied by the Honorable Eric M. Davis on December 19, 2016.[1]

On June 29, 2017, Mr. Reid filed the instant Motion pursuant to Super. Ct. Crim. Rule 61. The Motion was referred to the undersigned commissioner on July 7, 2017. Trial Counsel filed an Affidavit responding to particular claims made by Mr. Reid on August 24, 2017.[2] Upon my review of the Motion and Trial Counsel's Affidavit, I did not require the State to file a response. Additionally, I did not deem

[1] Docket Item #16.

[2] Docket Item #23.

1

it necessary to hold an evidentiary hearing based on the nature of Mr. Reid's allegations.

Mr. Reid's claims for postconviction relief, summarized as fairly as possible, are as follows:

Ground One: Illegal detention, arrest, search and seizure as per 21 Del. C. § 4177 (insufficient evidence).

Ground Two: Civil rights violation, gross mismanagement of James. T. Vaughn Corr. Center.

Ground Three: Constitutional Violation of fact, contest use of foreign jurisdiction offense over 10 years old.

Ground Four: Violation/denial of right to effective assistance of counsel.

## Facts

According to the Affidavit of Probable Cause, on November 19, 2015, police officers responded to a Sunoco gas station located at 414 N. 6th St., Odessa, Delaware, in reference to checking on the welfare of a white male operating a white pickup truck. The reporting person indicated to police that the operator appeared to be intoxicated. Upon arrival, police stopped the white pickup truck and questioned Mr. Reid, who was the driver an only occupant. While speaking with him, the officers detected a strong odor of an alcoholic beverage emitting from Mr. Reid's breath. To make sure he was okay to drive, the officers administered the standard NHSTA field sobriety tests to Mr. Reid, which he failed. A PBT was then

administered to Mr. Reid which resulted in a reading of .184%. Additionally, Mr. Reid admitted that he had been drinking earlier that night. Based on this information, Mr. Reid was placed under arrest and transported to Troop 9 for an intoxilyzer test. After the required 20-minute observation period, the intoxilyzer test indicated a reading of .201% BAC (blood alcohol content) for Mr. Reid. The legal limit in Delaware is .08% BAC. Finally, the arresting officers confirmed that Mr. Reid had five prior DUI convictions in Pennsylvania dating from 1991 to 2012.

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[3] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[4]

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[4] *Id.*

3

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[5] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and substantiate concrete allegations of actual prejudice.[6] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[7]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be viewed from his or her perspective at the time decisions were being made.[8] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[9]

---

[5] *Strickland*, 466 U.S. at 697.

[6] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[7] *Strickland*, 466 U.S. at 691.

[8] *Id.*

[9] *Id.*

## Analysis

The procedural requirements of Rule 61 must be addressed before considering the merits of any argument.[10] Mr. Reid's Motion was timely filed[11] and is not repetitive, thus satisfying the requirements of Rule 61(i)(1) and (2).[12] Therefore, Mr. Reid's Motion should be decided on its merits.

Ground One: Mr. Reid argues, in essence, that he should not have been convicted of this offense and that video evidence would have exonerated him. This claim is procedurally barred and without merit. If Mr. Reid wished to challenge the State's evidence against him he should have taken his case to trial instead of pleading guilty. "It is well-settled that a knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea."[13] Accordingly, my examination of the guilty plea paperwork reveals that Mr.

---

[10] *See Younger*, 580 A.2d at 554.

[11] Per Rule 61(m)(1), Mr. Reid's conviction did not become final until 30 days after he was sentenced because he did not take a direct appeal.

[12] Rule 61(i) Bars to relief. --
(1) Time limitation. -- A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final [].
(4) Former adjudication. -- Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

[13] *Fields v. State*, 2017 WL 4607424 (Del. October 12, 2017) (citing *Smith v. State*, 2004 WL 120530 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258,

Reid acknowledged his five prior convictions when he accepted the State's offer, and that he was correctly informed as to the sentence range he faced at the time of sentencing. In short, nothing in the record indicates that Mr. Reid did not enter his guilty plea knowingly, intelligently and voluntarily. Any errors, defects or lack of evidence in the State's case against Mr. Reid were waived by his guilty plea.

Ground Two: Mr. Reid argues that there was no counselor during his period of pre-trial confinement and that his case required "presumptive bail" under SENTAC. To the extent I can understand them, Mr. Reid's claims are without merit and not cognizable under Rule 61.

Ground Three: Mr. Reid objects to the use of "foreign jurisdictional convictions over (10) ten years old to enhance [a] felony." Additionally, Mr. Reid argues that there is a "conflict between 21 *Del. C.* § 1477 and D.R.E. 609." These claims are also without merit. In his Affidavit, Trial Counsel wrote that he discussed with Mr. Reid that Delaware law allows for the use of out of state DUI convictions as predicate DUI offenses. Trial Counsel is correct, and this fact is well settled law in Delaware.[14] Finally, D.R.E. 609 has no bearing upon the use of prior DUI convictions for sentencing purposes as there is no time limit under § 4177.

---

266–67 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process.")).

[14] *See State v. Laboy*, 117 A.3d 562, 565 (Del. 2015).

Ground Four: Mr. Reid alleges a litany of various errors made by Trial Counsel, including "failure to exonerate aquit [sic] movant" and "passive/aggressive coercement [sic] to plead guilty to something which is not true." Invariably, Trial Counsel also denies these allegations. The law in this regard is clear, "[i]n order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a defendant must show that, but for his counsel's unprofessional errors, he would not have pleaded guilty but would have insisted on proceeding to trial."[15]

My review of Mr. Reid's Motion reveals his complaints to be nothing but conclusory allegations that manifestly fail to meet the standard for a finding of ineffective assistance of counsel under *Strickland*. Mr. Reid alleges that he was somehow coerced into accepting a guilty plea. However, he offers no specific facts or examples to evidence how he was coerced by Trial Counsel. Outside of Mr. Reid's conclusory allegations, there is nothing in the record to indicate that he was not properly represented or advised by his lawyer before he entered his guilty plea. The *only* fact that Mr. Reid has established to any degree of certainty is that he is now unhappy with his decision to have pled guilty.

---

[15] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004) (Citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

## Motion for Transcripts

Mr. Reid also contemporaneously filed a Motion for Transcripts.[16] Mr. Reid submits that transcripts are necessary to "properly analyze [his] claims and to present valid arguments." Mr. Reid filed documents indicating that he has no money in his prison account and is requesting that the Court bear the cost of the transcripts.

"Although an indigent defendant is entitled to transcripts at State expense to pursue a direct appeal, there is no such right with respect to a postconviction motion. Absent a showing of just cause, it [is] within the Superior Court's discretion to deny [a] request for transcripts at State expense."[17] Based on the arguments in Mr. Reid's Motion as discussed above, I do not see any of his arguments as potentially meritorious. Moreover, Mr. Reid has failed to articulated how transcripts would aide his cause other than the vague assertions quoted above. Accordingly, I am recommending that this request be **Denied**.

---

[16] D.I #18

[17] *Miller v. State*, 2008 WL 623236, at *2 (Del. March 7, 2008).

## Conclusion

I have carefully reviewed Mr. Reid's Motion, as well as the submission of Trial Counsel, and find that Mr. Reid has failed to demonstrate that any alleged error on the part of Trial Counsel resulted in prejudice to him. As such, I conclude that Mr. Reid's claims of ineffective assistance of counsel are unavailing and that his Motion should be **Denied**.

**IT IS SO RECOMMENDED.**

Bradley V. Manning,
Commissioner

oc:   Prothonotary
cc:   Defendant via first class mail, counsel via e-mail