## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JACLYN MUNCE,

    Complainant in Error,

v.

JUSTICE OF THE PEACE
COURT NO. 14, STATE OF
DELAWARE, AND MAGISTRATE
MICHELLE JEWELL,

    Defendants in Error.

C.A. No.:   S18A-12-002
Case No.:   1807006510 (J.P. Ct.)
            1807020747 (Super. Ct.)

Submitted: February 5, 2019
Decided: February 8, 2019

*Upon the State of Delaware's Motion to Dismiss
Defendant's Petition for Writ of Certiorari. Granted.*

## MEMORANDUM OPINION

Stephen W. Welch, Esquire, Law Office of Edward C. Gill, P.A., Georgetown, Delaware, Attorney for Petitioner/Defendant.

Caroline C. Brittingham, Esquire, Delaware Department of Justice, Georgetown, Delaware, Attorney for the State of Delaware.

KARSNITZ, J.

## Nature of the Proceedings

Petitioner Defendant Jacyln Munce[1] filed a petition for Writ of Certiorari asking this Court to review a judgment of the Justice of the Peace Court ("JP Court"). That judgment vacated Defendant's plea and sentence to a misdemeanor first offense charge of driving under the influence. The JP Court's decision allowed the State of Delaware ("State") to indict Defendant on the more serious charge of felony third offense driving under the influence. Defendant seeks to have the Order set aside.

## Factual Background[2]

This case proves the vitality of Murphy's Law. Defendant was arrested on July 9, 2018, and charged with driving under the influence pursuant to 11 *Del. C.* §4177(a) and another minor offense. She was scheduled to be arraigned in JP Court on July 27, 2018. At her arraignment, Defendant pled guilty to the charge as a first offense and was sentenced to a period of supervised probation and a $500.00 fine. Eighteen days later, the State filed a motion entitled "Motion to Correct Illegal Sentence" with JP Court. The motion was treated as a motion to vacate Defendant's sentence. The motion asserted that the defendant had two prior convictions that would qualify as "prior offenses,"[3] triggering

---

[1] Petitioner is in fact the petitioner in this civil complaint. She was, and is, the defendant in her criminal case described herein. For ease of reference, and because through much of the history of this matter she was described as the defendant, I will continue to use that nomenclature.

[2] The facts are derived from the filings of the parties and do not appear disputed.

[3] 21 *Del. C.* § 4177(d)(11).

1

the enhanced penalties of 21 *Del. C.* §4177(d)(3).  Why information about the prior offenses was not known at an early time or, in particular, at the time the plea was entered and the sentence imposed is unknown.

The parties submitted legal authorities to JP Court and a hearing was held following which the parties made further written submissions to the Court.  On November 28, 2018, the Justice of the Peace Court issued a decision granting the State's motion to vacate the plea and sentence.  The Court determined it had no jurisdiction to hear the case against defendant.[4]

The State's argument was straight forward.  Section 4177(d)(3)-(9) of Title 21 elevates any driving under the influence charge that is a third offense or more to a felony and, therefore, any such charge falls outside the subject matter jurisdiction of JP Court.  Specifically, 21 *Del. C.* §4177(d)(12) provides:

> The Court of Common Pleas and Justice of the Peace
> Courts shall not have jurisdiction over offenses which
> must be sentenced pursuant to paragraph (d)(3), (d)(4),
> (d)(5), (d)(6), (d)(7), (d)(8) or (d)(9) of this section.

According to the State, the entire processing of the case against defendant was void *ab initio* and the guilty plea and sentence were property vacated.

The State now has indicted defendant in Superior Court for felony driving under the influence.  In response, Defendant has filed a petition for Writ of Certiorari asking this Court to enter an order requiring JP Court to vacate its November 28, 2018 order, and

---

[4] *See* 21 *Del. C.* §4177(d)(12).

2

restore Defendant's original conviction of first offense driving under the influence. Of course, to Defendant the action is critical. If the requested relief is granted, she will suffer the more modest penalties associated with first offender status. If the relief is not given, and she either pleads or is found guilty of the felony charge of third offense driving under the influence, she will be sentenced as 21 *Del. C.* § 4177(d)(3) dictates.

The State has filed a response to the petition and requested that I dismiss it on its face. Argument was held on the State's application on February 4, 2019, and this is my opinion and decision on the State's request.

There is an element of this case that reeks for lack of finality. Defendant did as the Court and the State required of her, was sentenced, and proceeded on with her life. On the other hand, Defendant, and perhaps no one else at the time of her sentencing, knew she had offended on two prior occasions. In a similar case, *State v. Zickgraf*,[5] the State initially treated a driving under the influence charge as a first offense but, upon discovery of prior offenses, the State entered a *nolle prosequi* in the Court of Common Pleas ("CCP") and brought the charge in Superior Court. The defendant argued the indictment should be dismissed because the State erred in filing first in CCP. As Judge Ableman remarked, "The solution... is not to grant a windfall escape to a defendant who seems to have an alarming habit of driving drunk...."[6]

---

[5] 2005 WL 4858688 (Del. Super. Ct. Aug. 19, 2005) ("*Zickgraf*").

[6] *Id.*, at *1.

3

The comprehensive statute that addresses the serious societal problem of operating a motor vehicle after consuming alcohol did not contemplate the specific circumstances of this case. However, in my opinion, the clear intent of the statute is to ensure that multiple offenders are dealt with stringently, and with a third (or more) strike, with felony charges. There is no doubt that the Legislature wanted and commanded in no uncertain terms that any offenses beyond a second one be heard in Superior Court, and not in either JP Court or CCP. Based on the record in this case, I must deny Defendant's petition and grant the State's application to dismiss it.

## Standard of Review

A Writ of Certiorari is a common law writ which can be issued by a Superior Court to one of lesser jurisdiction demanding review of the record in the lower court. Delaware law provides both the Supreme Court and the Superior Court the power to review lower court decisions upon Writ of Certiorari.[7] The Superior Court may issue a Writ of Certiorari to all inferior tribunals, including the JP Court.[8] Because the result of the decision of the JP Court in this case was a determination that there was no conviction, Defendant had no right to appeal. The only mechanism for review of the JP Court order is the one pursued by Defendant.

At oral argument, the parties indicated there were no material disputes of fact and

---

[7] 10 *Del. C.* §§ 142, 562.

[8] *Shoemaker v. State*, 375 A.2d 431 (Del. 1977)

4

the case could be decided as a matter of law.

## The Parties' Contentions

The State's position was as set forth previously and will not be repeated. Suffice it to say, the State advocated that no jurisdiction lay in JP Court, and the Justice of the Peace was correct in vacating all her action.

Defendant raises several issues. First, Defendant cites *State v. Laboy*[9] to support her claim that it was the State's burden to provide evidence to the Court prior to her sentencing to establish the applicability of 21 *Del. C.* § 4177(d)(3) and its failure to do so vested JP Court with jurisdiction, since Defendant's offense would necessarily then be considered a first offense. In *Laboy*, our Supreme Court stated that the State could prove previous offenses by court records, and did not need to prove them beyond a reasonable doubt. Defendant asserts *Laboy* requires the State to provide some evidence of prior convictions and because it provided none here, her case must be treated as a first offense.[10]

At argument on the State's motion, Defendant's counsel admitted that his client had two prior qualifying offenses. Defendant's counsel also admitted that the timing of the State's discovery of Defendant's prior offenses was the determining factor. Had the

---

[9] 117 A.3d 562 (Del. 2015).

[10] The parties differed on the question of who, or if anyone, on behalf of the State was present at Defendant's arraignment when she was allowed to enter a plea to a first offense. The State claims no one was there and Defendant believes a police officer was present. In my view, this factual question is not material to the issues.

State appeared before sentencing, it would have been permitted to raise the issue, dismiss the charges, and indict Defendant in Superior Court on the more serious offense. By failing to do so, Defendant claims the State lost this ability.

Several cases are worthy of discussing. In *Zickgraf*, the State charged the defendant in JP Court with driving under the influence. Defendant removed his case to CCP. Before much else happened, the State realized that the defendant had three prior driving under the influence charges. The State dismissed the charges in CCP, and indicted the defendant in Superior Court. The defendant subsequently moved to dismiss the indictment. The Court determined that the Attorney General's actions were in accordance with the law and that jurisdiction lay in Superior Court, not in CCP. The Court denied the defendant's motion and allowed the case to proceed.

In *State v Hatcher*,[11] Judge Davis had to resolve a case that was a few steps further towards resolution than *Zickgraf*. In *Hatcher*, the defendant was charged with a second offense driving under the influence. The defendant disputed the charge, went to trial, and was found guilty. The court ordered a pre-sentence investigation in which it was determined that the defendant had three prior convictions for driving under the influence. Both the defendant and the State argued that the court had jurisdiction because, *inter alia*, the Attorney General's office as a matter of discretion could reduce the "charge." The court rejected the arguments, found it had no jurisdiction, declared its finding of guilt a

---

[11] 2010 WL 5551306 (Del. Ct. Com. Pl. Dec. 20, 2010).

6

nullity and vacated the finding of guilt. The court also gave the State time to indict the

defendant in Superior Court.

This case takes the issue once step further - the State raised the additional

offenses/enhanced penalties issue eighteen days post sentencing. Section 4177(d)(11) of

Title 21 reads in pertinent part:

> ...if at any time after conviction <u>and before sentence</u>, it
> shall appear to the Attorney General <u>or to the sentencing</u>
> <u>court</u> that by reason of such conviction and prior or
> previous convictions, a person should be subjected to
> paragraph (d)(3), (d)(4), (d)(5), (d)(6) or (d)(7) of this
> section, the Attorney General shall file a motion to
> have the defendant sentenced to those provisions.
> If it shall appear to the satisfaction of the Court at a
> hearing on the motion that the defendant falls within
> paragraph (d)(3)... of this section, the Court shall
> enter an Order declaring the offense for which the
> defendant is being sentenced to be a felony.[12]

Several directives of this law stand out. First, the word "shall" is used; the statute

is mandatory. Second and at first blush, the quoted section of §4177 seems to support

defendant's argument that the "prior convictions" issue must be raised before sentencing.

The problem with this argument is that §4177(d)(11) contemplates that the "sentencing

court" is the Superior Court, not any of the other Courts who hear the "non-enhanced"

driving under the influence cases. The court in *Hatcher* reached the same conclusion,

with which I agree. The last sentence of the quoted section of the law mandates the court

enter an order declaring the offense a felony and only Superior Court can do so. In this

---

[12] 21 *Del. C.* § 4177(d)(11) (emphasis added).

7

case, the Superior Court has not acted at all, and thus the timing dictates quoted above have no application.

Finally, 21 *Del. C.* §4177(d)(12) could not be more clear. If evidence shows multiple (more than two) offenses neither JP Court nor CCP has jurisdiction and any action taken in any such case by JP Court or CCP is, as Judge Davis said in *Hatcher*, a nullity.

Defendant also raised an issue in her petition concerning the double jeopardy clause of the State and Federal Constitutions. Defendant's counsel properly conceded that a determination by a court without jurisdiction did not implicate the constitutional provisions and the codification of them in 11 *Del. C.* § 210.

## Conclusion

This case raises troubling process and timing issues of handling driving under the influence cases. While not before me, I have concerns about the existence of similar cases which may have greater time lags than eighteen days between sentencing and the State's discovery, and raising of, prior offenses. At some point a final judgment should and must become final. However, in this case, the State acted promptly and within any normal appeal period. Because the JP Court properly found it lacked jurisdiction to hear Defendant's case, it properly vacated its judgment. As a result, there is no basis for the petition for Writ of Certiorari and it must be dismissed.

**IT IS SO ORDERED.**