# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE, )
)
v. )
) Case No. 1802012685
PAIGE J. BLAKE, )
)
Defendant. )

Submitted: March 8, 2019
Decided: April 26, 2019

Stephen McCloskey, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Jonathan Layton, Esquire
Gonser and Gonser P.A.
14 Ashley Place
Wilmington, DE 19804
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SENTENCE AS A FIRST DUI OFFENSE

**SMALLS, C.J.**

This matter is before the Court on Defendant's Motion To Be Sentenced As A First Offender Under the Delaware Motor Vehicle Statute 21 *Del. C.* § 4177(d)(1). This Motion is opposed by the State on the basis that Defendant was convicted in the State of Maryland on March 18, 2015, for an offense of driving while under the influence of alcohol. Defendant was sentenced under the Maryland Probation Before Judgment statute. Therefore, the State argues that this the present conviction under Delaware's driving while under the influence of alcohol statute constitutes a second offense under 21 *Del. C.* § 4177(d)(2).

## FACTS & PROCEDURAL HISTORY

On May 18, 2015, Defendant pled guilty in the District Court of Maryland, Worchester County, to driving while under the influence of alcohol per se (the "Maryland DUI"), and entered a probation before judgment program. Defendant successfully completed the program on September 25, 2015.

On February 20, 2018, Defendant was charged in this Court with driving under the influence of alcohol and other related offenses.[1] A bench trial was held on October 8, 2018, at the conclusion of which Defendant was found guilty of driving under the influence of alcohol (the "Delaware DUI").

On January 11, 2019, Defendant was scheduled to appear before this Court for sentencing on the Delaware DUI. However, at the request of the parties, sentencing was continued and the parties were afforded opportunity to submit briefing on the issue of whether

---

[1] Defendant was also charged with: leaving the scene of property collision accident, in violation of 21 *Del. C.* § 4201(a); reckless driving, in violation of 21 *Del. C.* § 4175(a); failure to have insurance identification in possession, in violation of 21 *Del. C.* § 2118(p)(1); failed to remain within a single lane, in violation of 21 *Del. C.* § 4122(1); and, failure to report a collision involving alcohol or drugs, in violation of 21 *Del. C.* § 4203(a)(3). Defendant was found not guilty of these companion charges.

2

the Maryland DUI constitutes a first offense for purposes of sentencing. Briefing was completed on March 8, 2019, and the Court took the matter under advisement.

## PARTIES' CONTENTIONS

It is the State's position that the Maryland DUI constitutes a first offense because it falls within the definition of a "prior offense" as set forth in Delaware's driving under the influence statute. As such, the State avers, the conviction on October 8, 2018, constitutes a second offense and Defendant must be sentenced as a second-time offender. Defendant, on the other hand, argues that, under Delaware's probation before judgment statute, the Maryland DUI does not constitute a "previous conviction." Thus, Defendant contends, the Delaware conviction is a first offense under Delaware law and Defendant must be sentenced as a first-time offender.

## DISCUSSION

The provisions of the Motor Vehicle Code do not provide discretion in the imposition of sentences for DUI offenses.[2] Rather, the statutory scheme set forth in 11 Del. C. § 4177 (the "DUI Statute"), imposes strict, mandatory penalties for offenses, escalating in severity for repeat offenders.[3] This structure provides that a first offense requires a penalty of a fine not less than $500 and/or imprisonment up to a period of 12 months.[4] Thereafter, for a second offense which occurs within 10 years of the first offense, the DUI Statute requires the imposition of a minimum fine of $750 and at least 60 days imprisonment.[5]

---

[2] *See State v. Laboy*, 117 A. 3d 562, 565 (Del. 2015)(" The DUI statute provides specific, mandatory penalties for DUI offenders").

[3] *See id.*

[4] 21 *Del. C.* § 4177(d)(1).

[5] 21 *Del. C.* § 4177(d)(2).

Section 4177B(e)(1) of the DUI Statute sets forth specific categories of offenses which constitute a "prior conviction," including:

    (a) A conviction or other adjudication of guilt or delinquency pursuant to § 4175(b) or § 4177 of this title, or a similar statute of any state or local jurisdiction, any federal or military reservation or the District of Columbia;

    . . .

    (d) A conditional adjudication of guilt, any court order, or any agreement sanctioned by a court requiring or permitting a person to apply for, enroll in or otherwise accept first offender treatment or any other diversionary program under this section or a similar statute of any state, local jurisdiction, any federal or military reservation or the District of Columbia.[6]

Defendant's argument in favor of sentencing as a first-time offender relates only to subsection (a) of § 4177B(e)(1). Defendant contends that under Delaware's probation before judgment statute, 11 *Del. C.* § 4218 (or, the "PBJ Statute"), the Maryland DUI would not constitute a "previous conviction," as the successful completion of a PBJ program results in a discharge "without judgment of conviction," at which time the charges are eligible for expungement. Therefore, Defendant extrapolates, had the Maryland DUI played out in Delaware, there would be no record of that charge at this stage; thus, the later-incurred Delaware DUI would constitute a first offense.

Defendant's position is premised on the supposition that Maryland's probation before judgment statute can be transposed into Delaware's PBJ Statute. The Court finds this argument to be unpersuasive, as Defendant fails to take into consideration the provisions of Delaware's PBJ Statute which exclude first-time DUI offenders from the PBJ program. Unlike Delaware, Maryland's probation before judgment statute encompasses first-time

---

[6] 21 *Del. C.* § 4177B(e)(1).

4

offenders charged with driving under the influence of alcohol.[7]  Conversely, under Delaware law, first-time offenders charged with driving under the influence of alcohol are excluded from Delaware's PBJ program, and instead have the option of participating in the first offenders program.[8]  Specifically, section (b)(3) of Delaware's PBJ Statute provides, in relevant part, that "this section may not be substituted for: ... Section 4177B of Title 21.  First Offenders; election in lieu of trial."[9]  In conjunction, subsection (c)(2) specifies that, for purposes of the PBJ Statute, "the following shall also constitute a previous conviction: ... any adjudication, resolution, disposition or program set forth in § 4177B(e)(1) of Title 21."[10]

When these provisions are read together, under Delaware law, Defendant would not have been eligible for a probation before judgment following a Driving Under the Influence conviction.  Instead, the program she completed in Maryland would be the functional equivalent of Delaware's first offender program in lieu of trial.[11]

Additionally, Defendant argument overlooks subsection (d) of § 4177B(e)(1), which classifies "first offender treatment or any other diversionary program under this section or a similar statute of any state" as a prior conviction for sentencing purposes.[12]  This Court has held, on multiple occasions, that participation in Maryland's probation before judgment program constitutes a first offense under § 4177B(e)(1)(d).  In *Davis v. State*, the Superior Court upheld this Court's decision to sentence the defendant as a second-time offender where the defendant "acknowledged serving 18 months probation before judgment for Driving While

---

[7]  *See* Md. Code (2001, 2008 Repl. Vol.), § 6-220(b) of the Criminal Procedure Article.
[8]  *See* 21 *Del. C.* § 4177B.
[9]  11 *Del. C.* § 4218(b)(3).
[10]  11 *Del. C.* § 4218(c)(2)(c).
[11]  *See* 21 *Del. C.* § 4177B.
[12]  21 *Del. C.* § 4177B(e)(1)(d).

5

Impaired by Alcohol in Maryland" after an intoxilyzer reading of .23.[13] Similarly, in *State v. Johnson*, this Court held that "[the defendant] acknowledge[d] completing PBJ in Maryland for Driving or Attempting to Drive a Vehicle While Impaired by Alcohol . . . this Court finds that 21 Del. C. § 4177B(e)(1)(d) is applicable. Accordingly, the Maryland Offense is considered a prior offense for purposes of these proceedings."[14]

The present circumstances fall squarely within 21 *Del. C.* § 4177B(e)(1)(d). Defendant entered a guilty plea on the Maryland DUI on May 18, 2015, and participated in a probation before judgment program. This Court finds that 21 *Del C.* § 4177B(e)(1)(d) is applicable, and the Maryland DUI is considered a prior offense for sentencing purposes.

ACCORDINGLY, Defendant's motion to be sentenced as a first offense is Denied.

**SO ORDERED** this 26th day of April, 2019.

_____
Alex J. Smalls,
Chief Judge

---

[13] 2014 WL 1312742, at *2 (Del. Super. Feb. 28, 2014).
[14] 2014 WL 1677971, at *3 (Del. Com. Pl. April 24, 2014).