Kevin ANDREWS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 383, 2010.

Supreme Court of Delaware.

Submitted: Sept. 14, 2011.
Decided: Dec. 12, 2011.

longs to the General Assembly ....") (citations omitted).

Robert H. Robinson, Jr., Esquire, Office of the Public Defender, Georgetown, Delaware, for Appellant.

Gregory E. Smith, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

In this appeal we consider how the term "residence" should be defined for purposes of a sex offender registration statute, and whether there was sufficient evidence to support appellant's conviction for violating that statute. We hold that the term "residence" should be given its commonly accepted dictionary definition—a place where one actually and habitually lives, as opposed to a place where one stays temporarily. The trial court decided that "residence" means a permanent or temporary place of abode, and instructed the jury accordingly. Using the dictionary definition, we conclude that the State failed to present sufficient evidence to support a finding that appellant had changed his residence. Accordingly, we reverse.

## Factual and Procedural Background

Kevin D. Andrews, a Tier I sex offender, is required to register his residence address with the State Bureau of Investigation. Andrews registered his address as being the Georgetown house where he lives with his parents. In November 2009, Andrews went to his estranged wife's home in Bridgeville to collect some of his belongings. Bridgeville Police Officer Aaron Bonniwell escorted Andrews because Andrews had been ordered to have no contact with his wife. Andrews removed three or four laundry baskets of clothes and shoes, as well as hair cutting equipment.

Bonniwell apparently decided that Andrews should have registered his wife's Bridgeville address, and took Andrews to the police station. Bonniwell contacted Delaware State Police Detective Donna Oliphant, who interviewed Andrews. Oliphant testified that Andrews admitted that he goes "back and forth" between his wife's house in Bridgeville and his parents' house in Georgetown. Oliphant asked Andrews whether he ever stayed at his wife's house for more than three consecutive days, and Andrews said that "he had." Oliphant then arrested Andrews for violating 11 Del. C. § 4120(f) by failing to register the Bridgeville address as his residence.

## Discussion

■ Sex offenders are required to register with the Delaware State Police. They must provide identifying information, such as their Social Security number, age, race, physical description and "current residences."[1] Sex offenders must reregister within three business days of changing their "name, residence address or place of employment and/or study...."[2] Any sex

---

1. 11 Del. C. § 4120(d)(2).

2. § 4120(f)(1).

offender who "knowingly or recklessly fails to register or reregister" is guilty of a Class G felony.

The word "residence" is not defined in the Registration of Sexual Offenders sub-chapter of the Delaware Code.[3] Undefined words in the criminal code are to be given their "commonly accepted meaning, unless they are specifically defined elsewhere in Title 11."[4] The word "reside" is specifically defined in 11 *Del. C.* § 1112(b) to mean "to dwell permanently or continuously or to occupy a dwelling or home as one's permanent *or temporary* place of abode."[5] The trial court used that definition to instruct the jury.

The problem with the trial court's approach is that it ignored the limiting language in § 1112(b). The statute begins, "[f]or purposes of this section, the following definitions shall apply...." The registration statute is in a different section and a different chapter of the criminal code. Thus, by its own terms, the definition in § 1112(b) does not apply to the registration statute, and the word "residence" must be given its common, or dictionary, definition.

■ Dictionary definitions of "residence" include an element of permanence. For example, Merriam Webster's Collegiate Dictionary defines residence as "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn."[6] Black's Law Dictionary defines residence as "the act or fact of living in a given place for some time...."[7] Using the dictionary definition of "residence" we must review the evidence, in the light most favorable to the

State, to decide whether any rational juror could have found Andrews guilty beyond a reasonable doubt.[8] The State presented evidence that: 1) Andrews went "back and forth" to the Bridgeville house; 2) he had stayed there for more than three consecutive days; and 3) on the date of his arrest, Andrews was removing three or four baskets of clothes and some hair cutting tools. As the trial court noted, this evidence might be sufficient to prove that Andrews lived at the Bridgeville house temporarily.

But nothing in the State's scant evidence would support a finding that, at the time of his arrest, Andrews had been living at the Bridgeville house on more than a temporary basis. There was no evidence that Andrews had any furniture in the Bridgeville house; that his name was on the lease; or that he received any mail there. No one asked Andrews what going "back and forth" meant, or how recently he had spent three consecutive days in the Bridgeville house.

It appears that the State failed to adduce more evidence because it misread the requirement that an offender reregister within three business days of changing residence. The fact that one has three business days to reregister does not mean that one changes his residence anytime he stays in one location for three business days. A person who buys a house, for example, changes his residence on the first day he starts living there. That person would have three business days after the move to reregister. By contrast, a person who stays with his friend for five or six days while waiting for his new house to be painted, has not changed his residence,

---

3. *See:* 11 *Del.C.* §§ 4120–4122.

4. *Duncan v. State,* 791 A.2d 750, 2002 WL 243377, at *1 (Del.2002); 11 *Del. C.* § 221(c).

5. Emphasis added.

6. Merriam Webster's Collegiate Dictionary, page 996 (10th Ed.1993).

7. Black's Law Dictionary, 9th Ed.2009.

8. *Maddrey v. State,* 975 A.2d 772, 774–75 (Del. 2009).

and need *not reregister until* three business days after he moves into the new house.

Sex offender statutes in other jurisdictions provide more clarity by defining "reside" or "residence." For example, Pennsylvania defines "residence" as "[a] location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year." [9] Maryland uses the term "habitually lives," and defines it as "any place where a person lives, sleeps or visits with any regularity," including "any place where a person visits for longer than 5 hours per visit more than 5 times within a 30–day period." [10] We note these definitions not because we endorse them, but to provide the General Assembly with a frame of reference, should it choose to amend the sex offender registration statutes to provide a definition of "residence."

### Conclusion

Based on the foregoing, the judgment of the Superior Court is REVERSED and this matter is remanded for further action in accordance with this decision. Jurisdiction is not reserved.

---

9.   42 PA. CONS. STAT. § 9792 (West, 2011).

10.   MD. CODE ANN., CRIM. PRO. § 11–701 (West, 2011).