# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | ) | |
| | ) | |
| **v.** | ) | **ID. No. 2008005629** |
| | ) | |
| **SAMUEL PALMER,** | ) | |
| Defendant. | ) | |

Submitted: June 3, 2022
Decided: September 27, 2022
Written Decision Issued Upon Resentencing: November 3, 2022

## MEMORANDUM OPINION AND ORDER

*Upon Defendant Samuel Palmer's Motion for Correction of Sentence
Pursuant to Criminal Rule 35(a)*,
**GRANTED**.

Timothy G. Maguire, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, Wilmington, Delaware, for the State of Delaware.

Meryem Y. Dede, Esquire, Tiffany A. Anders, Esquire, and Alicea A. Brown, Esquire, Assistant Public Defenders, OFFICE OF DEFENSE SERVICES, Wilmington, Delaware, for Mr. Samuel Palmer.

**WALLACE, J.**

Can the two past felony convictions used to enhance one's sentence on a present firearm possession during the commission of a felony count occur synchronously in one plea or trial proceeding? The Court must answer this question here because Samuel Palmer pleaded to and was sentenced for Possession of a Firearm During the Commission of a Felony as if they could. In reality, they can't. So the Court now must resentence Mr. Palmer with the proper minimum-mandatory sentencing provision in mind.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2022, Mr. Palmer pleaded guilty to a single count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[1] During his plea hearing, the parties represented that Mr. Palmer was subject to a five-year minimum due to operation of 11 *Del. C.* § 1447A(c). And so, the Court questioned Mr. Palmer accordingly and imposed the sentence as if § 1447A(c) did indeed apply to him.

Under the plea agreement, the State dismissed the remaining 11 indicted counts in this case, dismissed all charges in a then-pending Court of Common Pleas case, and joined Mr. Palmer in a favorable sentencing recommendation.[2] Mr. Palmer was then sentenced immediately to serve exactly that which both he and

---

[1] Plea Agreement and TIS Guilty Plea Form, *State v. Samuel Palmer*, ID No. 2008005629 (Del. Super. Ct. Feb. 1, 2022) (D.I. 15).

[2] *Id.* ("State and Defendant request: 15 years Level Five suspended after min/man five years . . . .").

the State settled on: 15 years at Level V suspended after five years at Level V for one year of Level III probation.[3] The Court's sentencing order reads that the "five-year unsuspended Level V term . . . is a minimum mandatory term that must be imposed and cannot be suspended" under 11 *Del. C.* § 1447A(c).[4]

Within six weeks of being sentenced, Mr. Palmer filed a *pro se* Rule 35(b) motion asking the Court to reduce the Level V term of his sentence.[5] During the Court's preliminary review of his motion and prior conviction record, it first learned that the two prior felony charges relied upon as a basis for Mr. Palmer's § 1447A(c)-enhanced sentence actually resulted from one 2018 plea agreement and sentencing proceeding.

Mr. Palmer's request was referred to his and State's counsel.[6] The Court then conducted a status conference, where all parties agreed that Mr. Palmer's application should be considered a Rule 35(a) Motion.[7] After briefing, the Court heard

---

[3] Sentencing Order at 1, *State v. Samuel Palmer*, ID No. 2008005629 (Del. Super. Ct. Feb. 10, 2022) (D.I. 16).

[4] *Id.* at 2.

[5] D.I. 18; Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion).

[6] D.I. 19.

[7] D.I. 20. The Court and parties discussed the various implications of a mistaken use of the wrong sentencing provision in these circumstances—*e.g.* either side's possible withdraw from and vacatur of the plea. In the end, each side has said it wishes to keep the plea in place but ensure proper sentencing under the correct provision of § 1447A, whichever provision that might be.

argument.[8]

Mr. Palmer now challenges his eligibility for PFDCF's five-year minimum mandatory arguing that he had not been "at least twice previously convicted of a felony" as required by 11 *Del. C.* § 1447A(c) because his two previous convictions occurred during the same change-of-plea and sentencing proceeding.[9] Specifically, Mr. Palmer was convicted of two felonies—second-degree assault and heroin dealing—when he entered into and was sentenced under one plea agreement in a single proceeding on February 27, 2018.[10]

The sole question here is whether Mr. Palmer should be re-sentenced because of the potential misapplication of 11 *Del. C.* § 1447A(c).[11]

## II. PARTIES' CONTENTIONS

### A. MR. PALMER'S RULE 35(a) MOTION

Mr. Palmer first argues that while he pled guilty to two felonies, "each charge stemming from a separate incident and from a separate case number," because the

---

[8]   Rule 35(a) Mot. Oral Arg., May 20, 2022 (D.I. 24).

[9]   *See* Def.'s Opening Brief in Support of Motion for Correction of Sentence Under Rule 35(a) ("Def.'s Opening Br."), May 5, 2022 (D.I. 21). Under DEL. CODE ANN. tit. 11, § 1447A(c) (2022), "[a] person convicted under subsection (a) of this section, and who has been at least twice previously convicted of a felony in this State or elsewhere, shall receive a minimum sentence of 5 years at Level V . . . ."

[10]   Plea Agreement and TIS Guilty Plea Form, *State v. Samuel Palmer*, ID Nos. 1706001506 and 1711008578 (Del. Super. Ct. Feb. 27, 2018) (D.I. 18; D.I. 3); Sentencing Order, *State v. Samuel Palmer*, ID Nos. 1706001506 and 1711008578 (Del. Super. Ct. Feb. 27, 2018) (D.I. 19; D.I. 4).

[11]   Rule 35(a) Mot. Oral Arg. Tr. at 4-5.

Court "resolved these cases together, they must be considered one 'conviction'" under § 1447A(c).[12]

Mr. Palmer then suggests the legislative intent behind the PFDCF statute supports the conclusion that a single plea or trial proceeding should mean a single conviction.[13]

Last, Mr. Palmer argues the Delaware Supreme Court's interpretation of 21 *Del. C.* § 4177(d)(4) in *Zimmerman v. State*,[14] supports the proposition that "Delaware considers each case as the same number offense."[15]

## B. THE STATE'S OPPOSITION

According to the State, the Court must, under § 1447A(c), count each previous convicted-of crime separately, no matter whether they were resolved in the same proceeding or in multiple proceedings.[16] The State points to the Criminal Code's definition of "conviction" and argues that "[e]ach verdict of guilt, plea of guilty or plea of nolo contendere is a separate conviction."[17] As the State views the language of § 1447A(c) to be unambiguous and not lending to an unreasonable result, it says

---

[12]  Def.'s Opening Br. at 2.

[13]  *Id.* at 3-4.

[14]  693 A.2d 311, 313 (Del. 1997).

[15]  Def.'s Opening Br. at 4.

[16]  State's Answer ¶¶ 7-8, May 13, 2022 (D.I. 23).

[17]  *Id.* ¶ 8.

the Court should find that Mr. Palmer met the statute's two-priors criterion.[18] In short, the State insists § 1447A(c)'s enhanced-sentencing provision was properly applied here and there is no need to revisit Mr. Palmer's sentence.[19]

## III. APPLICABLE LEGAL STANDARDS

Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[20] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: (1) exceeds the statutorily-authorized limits; (2) omits a term required to be imposed by statute; (3) is uncertain as to its substance, or (4) is a sentence that the judgment of conviction did not authorize.[21] Relief may be warranted under Rule 35(a) to correct a court's possible misimposition of non-suspended imprisonment as a minimum-mandatory term in a sentence.[22]

When there is no material dispute of fact, this type of Rule 35(a) claim presents only a question of statutory interpretation. And such is a question of law.[23]

---

[18] *Id.* ¶¶ 9-13.

[19] *Id.*

[20] Super. Ct. Crim. R. 35(a).

[21] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[22] *See Jones v. State*, 2021 WL 4098967, at *2 (Del. Sept. 8, 2021).

[23] *See Delaware Dept. of Nat. Res. & Env't Control v. Sussex Cty.*, 34 A.3d 1087, 1090 (Del. 2011) ("Statutory interpretation is a question of law.").

## IV. DISCUSSION

### ELEVEN *DEL. C.* § 1447A(C)'S PLAIN LANGUAGE REQUIRES THAT ONE MUST HAVE BEEN PREVIOUSLY SUBJECT TO TWO SEPARATE FELONY CONVICTION PROCEEDINGS BEFORE ITS ENHANCED PENALTIES ARE APPLIED.

When the Court is presented with a question of statutory interpretation, the Court's role is "to determine and give effect to legislative intent."[24] When the questioned statute read as a whole is unambiguous, that is accomplished by applying the plain, literal meaning of its words.[25] Statutes are unambiguous when their words reasonably bear only one non-absurd interpretation.[26] Where not defined in the statute, each word used "must be given its common, or dictionary, definition."[27] And "[w]here a statute contains unambiguous language that clearly reflects the intent of the legislature, then the language of the statute controls."[28]

"[T]he meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the

---

[24] *LeVan v. Indep. Mall, Inc.*, 940 A.2d 929, 932 (Del. 2007) (citations omitted).

[25] *Hoover v. State*, 958 A.2d 816, 819 (Del. 2008); *In re Adoption of Swanson*, 623 A.2d 1095, 1096-97 (Del. 1993).

[26] *See Arnold v. State*, 49 A.3d 1180, 1183 (Del. 2012) ("A statute is ambiguous if it is reasonably susceptible to different interpretations, or if giving a literal interpretation to the words of the statute would lead to an unreasonable or absurd result that could not have been intended by the legislature." (citation omitted)).

[27] *Andrews v. State*, 34 A.3d 1061, 1063 (Del. 2011).

[28] *Hoover*, 958 A.2d at 820 (citation omitted); *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) ("There is judicial discretion to construe a statute when its language is obscure and ambiguous; but when no ambiguity exists, and the intent is clear from the language of the statute, there is no room for statutory interpretation or construction." (internal quotation omitted)).

courts is to enforce it according to its terms."[29]  "For a court is allowed to look behind the statutory language itself only if the statute is truly ambiguous."[30]

"The general rule that a penal statute is to be strictly construed does not apply to [Delaware's] Criminal Code, but the provisions . . . must be construed according to the fair import of their terms to promote justice and effect the purposes of the law . . . ."[31]  That however "is not an invitation to abandon the ordinary rules of statutory construction and interpretation to effect . . . a more 'workable' result or sound public policy."[32]

Overall, "[i]f the language of the statute is unambiguous, the plain meaning of the words controls."[33]

## A. ELEVEN DEL. C. § 1447A(C)'S OPERATIVE TERM, CONVICTED, IS NOT DEFINED IN THE CRIMINAL CODE.

Undefined words or phrases in the Delaware code are "construed according

---

[29]  *Friends of H. Fletcher Brown Mansion v. City of Wilm.*, 34 A.3d 1055, 1059 (Del. 2011) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)); *see In re Port of Wilm. Gantry Crane Litig.*, 238 A.3d 921, 927 (Del. Super. Ct. 2020) ("When a questioned statute read as a whole is unambiguous, that is accomplished by applying the plain, literal meaning of its words." (citing *Arnold*, 49 A.3d at 1183)).

[30]  *In re Port of Wilm. Gantry Crane Litig.*, 238 A.3d at 927 (citing *Friends of H. Fletcher Brown Mansion*, 34 A.3d at 1059).

[31]  DEL. CODE. ANN. tit. 11, § 203 (2022).

[32]  *Evans v. State*, 212 A.3d 308, 314 (Del. Super. Ct. 2019) (citation omitted).

[33]  *Hoover*, 958 A.2d at 819 (citation omitted).

to the common and approved usage of the English language."[34]  And in the criminal

context, all words used in the Criminal Code are given their commonly accepted

meaning, unless they are specifically defined elsewhere in the Criminal Code.[35]  So,

consequently, "[u]nder well-settled case law, Delaware courts look to dictionaries

for assistance in determining the plain meaning of terms which are not defined"

within the statutes they appear.[36]

The Criminal Code defines the noun "conviction" as "a verdict of guilty by

the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolo contendere

accepted by the court."[37]  No doubt, one can obtain two or more "convictions" during

a single guilty plea or trial proceeding.[38]

---

[34]  DEL. CODE. ANN. tit. 1, § 303 (2022); *Pennewell v. State,* 977 A.2d 800, 801 (Del. 2009) (citing § 303 when noting that because the term in the questioned criminal statute "is not defined in the Delaware Code, it must be given its common and ordinary meaning").

[35]  DEL. CODE. ANN. tit. 11, § 221(c) (2022) ("If a word used in this Criminal Code is not defined herein, it has its commonly accepted meaning, and may be defined as appropriate to fulfill the purposes of the provision as declared in § 201 of this title."); *Rogers v. State,* 2012 WL 983198, at *2 (Del. Mar. 20, 2012) (when a statute does not define terms, "the 'commonly accepted meaning' of those terms should be employed").

[36]  *Cephas v. State,* 911 A.2d 799, 801 (Del. 2006) (citation omitted); *Andrews v. State,* 34 A.3d 1061, 1063 (Del. 2011) (finding that because the key word is not otherwise specifically in the subject criminal statute, it "must be given its common, or dictionary, definition"); *Freeman v. X-ray Assocs., P.A.*, 3 A.3d 224, 227-28 (Del. 2010) ("Because dictionaries are routine reference sources that reasonable persons use to determine the ordinary meaning of words, we often rely on them for assistance in determining the plain meaning of undefined terms." (citations omitted)).

[37]  DEL. CODE. ANN. tit. 11, § 222(3) (2022).

[38]  Indeed, it has long been the law and practice in Delaware that triers of fact must return separate verdicts for crimes tried together and judges must make independent findings of guilt on each count upon entry of a plea—each such count represents a separate "conviction."  *See generally Flamer v. State*, 490 A.2d 104, 111-12 (Del. 1983) (each finding of guilt is a separate conviction under the Criminal Code and subject to a separate sentence); *Reeder v. State*, 2001 WL 355732, at

But the Criminal Code does not define the root verb form "convict." While the distinction may seem trifling, it makes a significant difference here. Because it is not statutorily defined, the word "convicted" must be interpreted under its common dictionary or usage meaning.

## B. ELEVEN *DEL. C.* § 1447A(C) IS UNAMBIGUOUS.

Eleven *Del. C.* § 1447A(c) requires an enhanced minimum-mandatory sentence for one convicted of PFDCF, if "[a] person . . . has been at least *twice previously convicted* of a felony . . . ."[39] The question is whether this phrase is either reasonably susceptible to different interpretations or, if applied literally, would lead to an unreasonable result.[40] It does neither.

Applying grammatical canons of construction, "convicted" is a participial adjective—"[a]n adjective that has the same form as the participle of the verb to which it is related, *i.e.* one formed with the suffix *-ing* or *-ed/-en*"[41]—specifically a

---

*3 (Del. Mar. 26, 2001) ("Each separate . . . conviction [though arising from one trial] requires a separate sentence."); *Johnson v. State*, 2008 WL 5191835, at *1 (Del. Dec. 11, 2008) (noting that verdicts of guilt on two separate counts in one trial are two convictions, each of which is subject to a separate habitual criminal sentence).

[39] DEL. CODE ANN. tit. 11, § 1447A(c) (2022) (emphasis added).

[40] *Arnold*, 49 A.3d at 1183.

[41] THE OXFORD DICTIONARY OF ENGLISH GRAMMAR 290 (Bas Aarts, Sylvia Chalker & Edmund Weiner eds., 2nd ed. 2014); *see also id.* at 291 ("defining participle as "[a] non-finite form of the verb which in regular verbs ends in either *-ing* or *-ed*"); JAMES G. FERNALD, ENGLISH GRAMMAR SIMPLIFIED 91 (Cedric Gale ed., 1963) (defining participle as "part of the verb that may be used independently as an adjective while retaining the power of a verb to govern an object or take adverbial modifiers"). Here, the verb is "convict."

past participial adjective that is modified by two adverbs,[42] "twice" and "previously." One of those adverbs, "twice," is further modified by the adverb phrase[43] "at least." All those form—along with the predicate nominative[44] "who"—a past participial phrase[45] that also includes the auxiliary verb[46] "has been." The totality of which modifies the subject "a person." And we know from the canons of statutory interpretation that each of these words in this phrase is both important and expected to be read applying rules of common English usage.[47]

So bringing that all together, the use of "twice" and "previously" to together modify "convicted" tells the reader that there were two happenings before the

---

[42] OXFORD, *supra* note 1 at 14 (defining "adverb" as a word that usually "modifies a verb (e.g. *spoke quietly*), an adjective (e.g. *really awful*), another adverb (i.e. *very quietly*), or, more rarely, a noun").

[43] OXFORD, *supra* note 1 at 16 (defining adverb phrase as "[a] phrase headed by an adverb which typically functions as an adverbial in clause structure" and a phrase that "can also function as modifiers inside phrases").

[44] FERNALD, *supra* note 1 at 19 ("A noun in the predicate, corresponding to the subject and expressing the same meaning as the subject, or explaining or adding to the meaning of the subject . . . ."). "Who" is the predicate nominative, which is a type of subjective complement. *See id.* at 209 ("[T]he direct object, the predicate nominative, and the predicate adjective are different kinds of complements.").

[45] *Id.* at 92-93. A participial phrase can either be used as (1) "an adjective to modify a noun or pronoun" or (2) "an adverb to modify the predicate or any adjective or adverb in the predicate." *Id.*

[46] *Id.* at 100 (defining auxiliary verbs as "[t]he combinations of auxiliary with principal verbs" to form "verb phrases," the entire phrase of which is "treated as the verb").

[47] *Salzberg v. Sciabacucchi*, 227 A.3d 102, 117-18 (Del. 2020) ("It is presumed the General Assembly purposefully chose particular language and we therefore construe statutes to avoid surplusage if reasonably possible." (cleaned up)); *Chase Alexa, LLC v. Kent Cty. Levy Ct.*, 991 A.2d 1148, 1152 (Del. 2010) ("[W]ords in a statute should not be construed as surplusage if there is a reasonable construction which will give them meaning, and courts must ascribe a purpose to the use of statutory language, if reasonably possible." (citation omitted)).

present one.[48]  More simply put, to an everyday English reader the phrase would mean that the subject person was convicted of a felony in two separate conviction proceedings.[49]

Perhaps replacing "convicted" with some similarly formed adjective makes this plain meaning more readily apparent.  Say, for instance, we substituted in "disturbed"; the phrase would become "twice previously disturbed."  And if your friend were to write to you "I was twice previously disturbed," you wouldn't think him to mean that two disturbances were visited upon him simultaneously.  No, under its most natural English reading, the phrase "twice previously disturbed" would be understood to mean your buddy was disturbed two separate times—that is, it *happened* twice.

To provide another example, suppose a military hero told you she was "twice previously awarded" the Medal of Honor.  You would hardly picture one East Room ceremony where the President placed two medals around her neck.  Instead, you'd understand her to mean there were two separate trips to the White House with two separate medal ceremonies.

Bringing us back to § 1447A(c), "at least twice previously convicted" means that the defendant was convicted of a felony in two prior and separate conviction

---

[48]  *Salzberg*, 227 A.3d at 117-18; *Chase Alexa, LLC*, 991 A.2d at 1152 (citation omitted).

[49]  *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (finding an "awkward, and even ungrammatical [statute] . . . does not make it ambiguous").

proceedings. The phrase does not mean two felony convictions were obtained on one occasion. And this plain reading that employs common and approved usage of the English language hardly gives rise to any mischievous or absurd result.

Rather, it is the same result that *Ross v. State*[50] and *State v. Campbell*[51] engendered when interpreting the prior-conviction sentence enhancement provision of Delaware's Possession of a Firearm by a Person Prohibited ("PFBPP") statute. Through those cases, the PFBPP-enhancer language is deemed to: (1) allow use of two prior felony convictions obtained on separate occasions without regard to whether there was any overlap between the sentencing for the first and the conviction proceeding for the second; and (2) ensure that convictions for two felonies obtained in a single plea or trial proceeding count as only one conviction in the equation anticipated by that PFBPP prior-conviction enhancement provision.[52]

And though the PFBPP provision (11 *Del. C.* § 1448(e)(1)(c)) uses the language "has been convicted on 2 or more separate occasions" and the PFDCF provision uses the language "has been at least twice previously convicted," that alone does not mean some different result under those related statutes need to, or

---

[50] 990 A.2d 424 (Del. 2010) (stating the prior-conviction-sequencing rules set forth in *Buckingham v. State*, 482 A.2d 327 (Del. 1984), and *Hall v. State*, 473 A.2d 352 (Del. 1984), for interpreting Delaware's Habitual Criminal Act did not apply to Delaware's PFBPP statute).

[51] 2016 WL 1755668 (Del. Super. Ct. Apr. 21, 2016) (stating that because the defendant's two previous violent felonies were pleaded to and sentenced at the same time, they had to be treated as one and thus the § 1448(e)(1)(c) enhancement could not be applied).

[52] *Ross*, 990 A.2d at 429-31; *Campbell*, 2016 WL 1755668, at *2.

should, ensue. Because, when it comes to reading statutes, there's no "canon of interpretation that forbids interpreting different words . . . to mean roughly the same thing."[53]

The natural read of § 1447A(c)'s plain and unambiguous language requires that a defendant, in this case Mr. Palmer, had been earlier convicted in no less than two separate felony conviction proceedings before its enhancement can be applied. That being so, the Court need dig no deeper.[54]

## V. CONCLUSION

Eleven *Del. C.* § 1447A(c)'s plain meaning ("[a] person . . . has been at least twice previously convicted of a felony") requires that the defendant was convicted of the proffered felonies in two separate conviction proceedings. Or, in other words, that the defendant was convicted of at least one felony on at least two or more separate occasions. Here, Mr. Palmer obtained his two prior felony convictions in a single proceeding. So he did not qualify for enhanced sentencing under § 1447A(c). In turn, his sentence noting the application of that statutory enhancer is illegal and

---

[53] *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 540 (2013); *Wis. Cent. Ltd. v. United States*, 138 S.Ct. 2067, 2078 (Bryer, J. dissenting) ("But there is no canon of interpretation forbidding Congress to use different words in different statutes to mean somewhat the same thing." (citation omitted)).

[54] *Newtowne Vill. Serv. Corp. v. Newtowne Road Dev. Co., Inc.*, 772 A.2d 172, 175 (Del. 2001) ("Only where a statute is ambiguous and its meaning cannot be clearly ascertained does a court engage in the process of statutory construction and interpretation." (citation omitted)).

the Court must re-sentence Mr. Palmer.[55]

Mr. Palmer's Criminal Rule 35(a) Motion for Correction of Sentence must be

**GRANTED.**

    **IT IS SO ORDERED.**

_____
Paul R. Wallace, Judge

Original to Prothonotary

---

[55] _See Jones_, 2021 WL 4098967, at *2 (suggesting the appropriate relief in such a situation).